680 P.2d 163

In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. A–27789.

No. 1 CA–JUV 195.

Court of Appeals of Arizona, Division 1, Department C.

May 3, 1983.

Review Granted June 23, 1983.

Lewis & Morales by M. Wayne Lewis, Chandler, for appellants.

H.K. Wilhelmsen, Prescott, for appellee.

## OPINION

OGG, Judge.

The determinative issue in this appeal is whether the Juvenile Court of Maricopa County had jurisdiction to determine an adoption petition for two minor children who were earlier adjudicated to be dependent minor children and made wards of the Yavapai County Juvenile Court. The Maricopa County Juvenile Court Judge who was assigned the adoption case ordered that the adoption petition be dismissed for lack of jurisdiction. For the reasons expressed in this opinion, we affirm such decision.

A brief review of the tragic background of this case is necessary for an understanding of the court history and of the issues developed in this present appeal. On January 5, 1981, Gordon L. Grilz, the father of the two minor children who are the subjects of these proceedings, shot and killed his wife, Linda Marie Grilz, the mother of the children. On the same date, Mr. Grilz also shot and killed Kim Hopfinger.

Mr. Grilz was convicted after a jury trial of one count of first degree murder and one count of second degree murder. The court sentenced him to life imprisonment without possibility of parole until the completion of a term of twenty-five years on the first degree murder conviction. He was further sentenced to a term of twenty-one years on the second degree murder conviction, with the sentences to run concurrently.

After the death of the mother and the filing of pending criminal charges against the father, the Arizona Department of Economic Security filed a petition in the Juvenile Court of Yavapai County, Arizona, for an order declaring Derek S. Grilz, aged four, and Margaux A. Grilz, aged one, to be dependent minor children. On January 26, 1981, a hearing on the dependency petition was held. At the conclusion of the hearing, the children were made wards of the Yavapai County Juvenile Court with custody in the Arizona Department of Economic Security. The court directed that home studies be made of the parties interested in the custody of the children and that a further hearing be set to determine the proper placement of the children.

On March 31, 1981, a custody hearing was held and on April 16, 1981, the Yavapai County Juvenile Court entered an order granting temporary custody of the two minor wards of the court to the care of the appellee, Nana Athena Cavelaris, the maternal grandmother, who was a resident of San Diego County, California.

On June 10, 1982, the court entered an order allowing the children to visit the appellants, Carol Collins (the paternal aunt) and her husband, Ed Collins, in Maricopa County, Arizona. On June 17, 1982, during the court-ordered Arizona visitation, the appellants filed the Maricopa County adoption petition.

The juvenile judge of Maricopa County ordered that the Adoptions Unit of the Maricopa County Juvenile Court make a social study and report back to the court prior to the hearing date of January 5, 1983. The Maricopa County Juvenile Judge thereafter was advised by the Maricopa County Adoptions Unit that the two minor children involved were wards of the Yavapai County Juvenile Court and were under the supervision of the Arizona Department of Economic Security. The juvenile judge of Maricopa County further ordered the Arizona Department of Economic Security to make a social study and report such study to the court. Our record is silent as to the contents of such study.

On October 25, 1982, the juvenile judge of Maricopa County dismissed the appellants' adoption petition for lack of jurisdiction. The order which triggered this appeal reads:

It appearing from the Petition that these children are dependent wards under Yavapai County Juvenile Cause 8545; that they are not present in this state as required by A.R.S. 8–102.

IT IS ORDERED dismissing the Petition to Adopt filed on June 17, 1982; and vacating the hearing set January 5, 1983 . . .

IT IS FURTHER ORDERED that a copy of the file herein shall be sent to Judge Rosenblatt for inclusion in Yavapai County Juvenile Cause 8545, if he deems such appropriate.

The appellants contend that the mere fact that juvenile dependency proceedings were pending in the Yavapai County Juvenile Court did not preclude the filing of a later adoption petition in Maricopa County when all technical requirements of the adoption statutes had been satisfied. Appellants reason that a dependency proceeding and an adoption proceeding are separate and distinct statutory actions, with each having different jurisdiction and factual requirements. Appellants argue that A.R.S. § 8–104 provides that venue for an adoption proceeding is in the county where the petitioners reside. They further reason that the children reside in Maricopa County and that they were "present within this state" as required by A.R.S. § 8–102; therefore, they were in full compliance with the Arizona adoption statutes and the Maricopa County Juvenile Judge erred in dismissing the adoption petition for lack of jurisdiction.

This argument has a persuasive ring but it ignores the provisions of A.R.S. § 8–202 A, C and D, which read:

A. The juvenile court has exclusive original jurisdiction over all proceedings brought under the authority of this chapter.

\* \* \* \* \* \*

C. The orders of the juvenile court under the authority of this chapter shall, to the extent that they are inconsistent therewith, take precedence over any order of any other court of this state excepting the court of appeals and the supreme court.

D. Jurisdiction of a child obtained by the juvenile court in a proceeding under this chapter shall be retained by it, for the purposes of implementing the orders made and filed in that proceeding, until the child becomes twenty-one years of age, unless terminated by order of the court prior thereto.[1]

■ It is the opinion of this court that under the authority of the above statutes, the Yavapai County Juvenile Court had exclusive jurisdiction over these minor children until such time as they were released as wards of that court. The minor children were declared to be dependent, after a proper hearing on January 26, 1981. The Yavapai County Juvenile Court made them wards of that court and was engaged in a continuing process to find a proper placement for the minor children. The later filing of an adoption petition on June 17, 1982 with the juvenile court of Maricopa County cannot divest the Yavapai County juvenile court of its continuing jurisdiction over the two dependent minor children.

Although the Yavapai County dependency hearing and the Maricopa County adoption proceeding have different legal results and involve different statutes, both juvenile proceedings are concerned with the placement and welfare of the same two minor children. To permit the losing party in an ongoing dependency custody dispute, as in the case before us, to file a later adoption proceeding before a different Arizona juvenile judge while the dependency proceedings are being processed by another Arizona juvenile judge would cause havoc to the orderly administration of justice.

■ It is a well-settled principle of law that where two courts have concurrent jurisdiction, the first court to acquire such jurisdiction retains it to the exclusion of the other until the case is finally determined. *Wilson v. Garrett,* 104 Ariz. 57, 448 P.2d 857 (1969). In *Greene v. Superior Court,* 37 Cal.2d 307, 311, 231 P.2d 821, 823 (1951), Justice Traynor, speaking for the Califor-

---

1. *In the Matter of the Appeal, In Maricopa County Juvenile No. J–86509,* 124 Ariz. 377, 604 P.2d 641 (1979), *cert. denied sub nom. McGruder v. Arizona,* 445 U.S. 967, 100 S.Ct. 1660, 64 L.Ed.2d 245 (1980), the Arizona Supreme Court determined that it was unconstitutional to extend the authority over a child beyond the child's 18th birthday. It appears such decision would have no impact on the applicability of this statute to the facts of this case.

**30**

nia Supreme Court, made these pertinent remarks:

> The rule making exclusive the jurisdiction first acquired is particularly apposite to prevent unseemly conflict between courts that might arise if they were free to make contradictory custody awards at the same time.

The legal principle of continuing exclusive jurisdiction is of the utmost importance in the field of juvenile proceedings. *See Mena v. Mena,* 14 Ariz.App. 357, 483 P.2d 589 (1971); *McClendon v. Superior Court,* 6 Ariz.App. 497, 433 P.2d 989 (1967). The juvenile judge having once obtained jurisdiction over a dependent or delinquent minor child may follow such case for years, holding numerous hearings and making numerous changes in custody as dictated by the best interests of the child involved. As a matter of public policy, it is not in the best interests of the minor child or in the best interests of an orderly judicial process to permit one juvenile court to assume jurisdiction in an adoption proceeding when there is an ongoing earlier dependency proceeding being conducted by a different juvenile court wherein the same minor child is the subject of both juvenile proceedings.

■ It is the first duty of any court to determine whether it has jurisdiction in the case. *State v. Phelps,* 67 Ariz. 215, 193 P.2d 921 (1948). It is the opinion of this court that the judge of the Maricopa County Juvenile Court properly dismissed appellants' adoption petition for lack of jurisdiction.

Affirmed.

JACOBSON, P.J., and BROOKS, J., concur.