680 P.2d 143

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. A–27789.**

**No. 16636–PR.**

Supreme Court of Arizona, In Banc.

March 27, 1984.

Lewis & Morales by M. Wayne Lewis, Chandler, for appellants.

H.K. Wilhelmsen, Prescott, for appellee.

GORDON, Vice Chief Justice:

The facts in this matter are fully set forth in the Court of Appeals' opinion, *In re Maricopa County Juvenile Action No. A–27789*, 140 Ariz. 27, 680 P.2d 163 (App. 1983). Only a brief review of the procedural stance of the case will be repeated here. On January 26, 1981, juveniles Derek S. Grilz, then aged four, and Margaux A. Grilz, then aged one, were made wards of the Yavapai County Juvenile Court. Custody was with the Arizona Department of Economic Security. On April 16, 1981, temporary custody was granted to Nana

Athena Cavelaris, the children's maternal grandmother. Mrs. Cavelaris is a resident of San Diego, California. During a July, 1982 court-ordered visitation with the children's paternal aunt and uncle, Carol and Ed Collins of Mesa, Arizona, a petition to adopt the children was filed by the Collinses in Maricopa County. That petition was dismissed *sua sponte* on October 25, 1982, the Maricopa County Juvenile Court having found that the children were "dependent wards [of] Yavapai County" and "not present within this state as required by A.R.S. § 8–102." The Collinses appealed the dismissal to the Court of Appeals which affirmed, *Maricopa County No. A–27789*, *supra*. The Collinses then petitioned this Court to review. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.P.Juv.Ct. 28. For the reasons stated herein, the Court of Appeals' opinion is vacated. We reverse the Maricopa County Juvenile Court's dismissal of the adoption petition.

A.R.S. § 8–102 describes the class of persons who may be adopted in this state:

"Any child * * * who is present within this state at the time the petition for adoption is filed may be adopted."

It is uncontroverted that the two children here at issue were physically "present" in the state on the date the petition for adoption was filed. Thus, the Maricopa County Juvenile Court's dismissal based on the children's "not [being] present within the state" must have been founded on the belief that "presence" connotes something more than mere physical presence, perhaps domicile or residence. We need not determine the precise meaning intended by the Legislature because we find that the children were not only present in this state in the physical sense but also were present in the domiciliary sense.

■ An infant is not *sui juris* and cannot fix or change his or her domicile.

*In re Webb's Adoption*, 65 Ariz. 176, 177 P.2d 222 (1947). Domicile accompanies legal custody. *See Chapp v. High School District No. 1 of Pima County*, 118 Ariz. 25, 574 P.2d 493 (App.1978) (even though child was living with his maternal aunt and uncle in Arizona, his domicile and residence were in California because legal custody was with his mother, a California resident); *Garay Uppen v. Superior Court*, 116 Ariz. 81, 567 P.2d 1210 (App.1977) (even though child was living with his maternal grandmother in Santiago, Chile, and had never been in Arizona, his domicile was in Arizona because legal custody was with his mother, an Arizona resident). The two children now before us were wards of the Yavapai County Juvenile Court. Thus, legal custody was with the juvenile court of this state. Even though "temporary custody" was with Mrs. Cavelaris in California, the children's domicile was in Arizona. Therefore, whether the phrase "present within this state" in A.R.S. § 8–102 means actually, physically "present" [1] or "present" in the domiciliary sense, these children were present in Arizona at the time the adoption petition was filed. The Maricopa County Juvenile Court's dismissal cannot be affirmed on the basis that the children were "not present within this state."

■ The second stated basis for the dismissal of the adoption petition was that the Maricopa County Juvenile Court had found the two children to be "dependent wards [of] Yavapai County." The court apparently believed that such a finding divested it of any jurisdiction over the children. It is on this basis that the Court of Appeals affirmed the dismissal, 140 Ariz. at 29, 680 P.2d at 165 ("[T]he Yavapai County Juvenile Court had exclusive jurisdiction over these minor children until such time as

---

1. Reading the statute to merely require actual, physical presence at the time the adoption petition is filed might encourage the "child snatching," kidnapping, or other wrongful retention of a child, the bringing of the child to this state, and the filing of an adoption petition here. If

confronted with such transitory "presence" arising from any form of wrongful retention, the juvenile courts should continue to refuse to exercise their jurisdiction. *See McNeal v. Mahoney*, 117 Ariz. 543, 574 P.2d 31 (1977).

they were released as wards of that court"). We disagree.

A.R.S. § 8–202 as in effect at the time of the dismissal provided, in part, that:

"**A.** The juvenile court has exclusive original jurisdiction over all proceedings brought under the authority of this chapter.

\*　　\*　　\*　　\*　　\*　　\*

"**C.** The orders of the juvenile court under the authority of this chapter shall, to the extent that they are inconsistent therewith, take precedence over any order of any other court of this state excepting the court of appeals and the supreme court.

"**D.** Jurisdiction of a child obtained by the juvenile court in a proceeding under this chapter shall be retained by it, for the purposes of implementing the orders made and filed in that proceeding, until the child becomes twenty-one years of age, unless terminated by order of the court prior thereto."

These subsections award the juvenile courts continuing jurisdiction over the dependency of children until each child is eighteen[2] or no longer dependent. The juvenile court's orders regarding the dependency of children before it takes precedence over the orders of "other" courts in this state excepting the appellate courts. However, here, the Maricopa County Juvenile Court is not an "other" court; it is merely another division of the same court, the "Juvenile Court of Arizona."[3] While the Maricopa County Juvenile Court could not entertain a dependency petition when one was pending in Yavapai County, the pendency of a dependency petition in Yavapai County in no way affects the Maricopa County Juvenile Court's jurisdiction over an adoption petition. The Maricopa County Juvenile Court's dismissal of the adoption proceedings cannot be upheld on the basis of divested jurisdiction.

Adoption proceedings and dependency proceedings are separate and distinct matters although the interests involved do overlap. *Cf. In re Appeal in Pima County, Adoption of B–6355 and H–533*, 118 Ariz. 111, 575 P.2d 310 (1978). Adoption proceedings are concerned with the permanent placement of a child while dependency proceedings contemplate temporary care. Indeed, the availability of qualified adoptive parents who commence adoption proceedings should obviate the need for continuing dependency proceedings.

■ In light of the overlapping interests and issues, principles of judicial economy mandate that the dependency proceedings and the adoption proceedings be consolidated. To allow both actions to continue simultaneously would wreak havoc with the orderly administration of justice and would impose undue burdens on the courts and the interested parties. It would also encourage duplicitous litigation and collateral attacks of each court's orders. In a situation such as the one before us, the first juvenile court to properly entertain jurisdiction obtains and maintains a preference as the forum for all actions involving the children at issue. Any other juvenile court whose jurisdiction is properly invoked must defer to that preference and transfer its case to the first court. This transfer is non-discretionary, but does not foreclose the first court from entertaining a subsequent motion for change of venue. Important factors at that subsequent change of venue hearing might include the extent of either court's familiarity with the facts, the residence of the children, and the residence of the interested parties. In the instant case, upon learning of the ongoing dependency proceedings in Yavapai County, the

---

**2.** Despite the statute's extension of authority until a child's twenty-first birthday, it is doubtful that such authority can constitutionally continue beyond age eighteen. *See In re Maricopa County Juvenile No. J–86509*, 124 Ariz. 377, 604 P.2d 641 (1979), *cert. denied sub nom. McGruder v. Arizona*, 445 U.S. 967, 100 S.Ct. 1660, 64 L.Ed.2d 245 (1980).

**3.** The "juvenile court" is defined in A.R.S. §§ 8–101(6) and –201(14) as being a division of the superior court. The superior courts of this state "constitute a single court," Ariz. Const. art. 6, § 13.

Maricopa County Juvenile Court, *sua sponte*, should have ordered the matters consolidated and should have transferred the adoption proceedings to Yavapai County, the first court that had properly entertained jurisdiction. There, one judge, familiar with the facts and the interested parties, could have made the necessary determinations.

We note that any other result would, in this case, have effectively denied the prospective adoptive parents (the Collinses) a forum in which to bring the adoption petition. A.R.S. § 8–104 mandates that "[a]doption proceedings shall be brought in the court of the county where the petitioners reside." The Collinses reside in Maricopa County; it is the only place where they could file a petition to adopt. We will not lightly deny our residents a forum in which to exercise their rights.

Because of the reasons stated above, the Maricopa County Juvenile Court's dismissal of the adoption petition must be reversed and the matter remanded. While the proper course of action at the time of the dismissal would have been for the Maricopa County Juvenile Court to transfer the matter to Yavapai County, this Court is aware that the dependency proceedings in Yavapai County were dismissed on April 25, 1983 after Mrs. Cavelaris was appointed guardian of the two children by the California court system. Thus, there is no ongoing proceeding in Yavapai County to which the Maricopa County Juvenile Court can transfer the adoption petition.[4] The Maricopa County Juvenile Court can, therefore, consider the petition on the merits upon remand.[5]

The Court of Appeals' decision herein is vacated; the dismissal of the adoption petition is reversed; the matter is remanded to the juvenile court for further proceedings consistent with this opinion and with *Yavapai County No. J–8545, supra.*

HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.

---

**4.** The Collinses appealed the dismissal of the Yavapai County dependency proceedings. The Court of Appeals dismissed that appeal for lack of jurisdiction (1 CA–JUV 214, order of dismissal dated December 30, 1983). On review of that dismissal, this Court found it to be error, but declined to reinstate the Yavapai County proceedings. *See In re Yavapai County Juvenile Action No. J–8545,* 140 Ariz. 10, 680 P.2d 146 (1984).

**5.** We are aware that Mrs. Cavelaris and her husband filed a petition for adoption of the two children in California on July 28, 1983. The Collinses have actively objected to that petition. If an adoption is granted in California, it presumably will be entitled to full faith and credit here and would, therefore, render the Maricopa County adoption proceedings moot.

We trust that the parties will keep the Maricopa County Juvenile Court fully apprised of developments in the California proceeding.