885 P.2d 197

### In the Matter of the APPEAL IN COCONINO COUNTY JUVENILE ACTION NO. J–12187.

### No. 1 CA–JV 94–0045.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 29, 1994.

John H. Grace, Coconino County Public Defender by Linda M. Houle, Deputy Public Defender, Flagstaff, for appellant.

Terence C. Hance, Coconino County Atty. by Neal C. Taylor, Deputy County Atty., Phoenix, for appellee.

## OPINION

KLEINSCHMIDT, Judge.

This is an appeal from the order of the Coconino County Juvenile Court transferring a Juvenile for criminal prosecution as an adult on charges which arose in Maricopa County. We find that the Coconino County Juvenile Court was a proper venue to consider the question of transfer, and we affirm its order.

In the summer of 1991, the Coconino County Juvenile Court adjudicated the Juvenile delinquent for crimes committed in that County and was placed on probation. In July 1993, the Juvenile's probation was revoked and he was committed to the Adobe Mountain Juvenile Institution, which is a facility of the Arizona Department of Youth Treatment and Rehabilitation ["D.Y.T.R."] located in Maricopa County. The Juvenile was subsequently placed on parole by D.Y.T.R. and released. He returned to Coconino County. In 1994, he allegedly committed a series of armed robberies in Coconino County. He was placed in the Coconino County Juvenile Detention Center, from which he escaped. After his capture, and pending the resolution of the Coconino County charges, he was returned to the Adobe Mountain facility in Maricopa County on a parole violation. While at Adobe Mountain, the Juvenile allegedly committed still another series of offenses. A delinquency petition was filed in Coconino County pertaining to the offenses committed while the Juvenile was in custody in Maricopa County. A motion to transfer those offenses for prosecution as an adult was filed in the Coconino County Juvenile Court. The court ordered that the Juvenile be transferred for prosecution as an adult for the offenses committed in Maricopa County. The court then transferred the case to Maricopa County for trial.

While the procedure followed in this court seems unusual, we are concerned only with its legality. The Juvenile appeals the order of the Juvenile Court and asserts that Coconino County was not the appropriate forum to consider his transfer for prosecution as an adult for crimes committed in Maricopa County. We believe that Coconino County was the proper forum.

Arizona Revised Statutes Annotated ("A.R.S.") section 8–206 provides:

A. The venue of proceedings in the juvenile court shall be determined by the county of the residence of the child, of the county where the alleged delinquency, dependency or incorrigibility obtains or is committed.

B. Where the residence of the child and the situs of the alleged delinquency, dependency or incorrigibility are in different counties, invoking proceedings in one county shall bar proceedings in the others.

If the Juvenile was a resident of Coconino County at the time he allegedly committed the crimes in Maricopa County, then venue was proper in either Coconino or Maricopa County. Generally, when used in statutes the term "residence" means "domicile." *St. Joseph's Hospital v. Maricopa County*, 142

Ariz. 94, 99, 688 P.2d 986, 991 (1984) (county responsible for illegal alien's medical expenses); *see also Clark v. Clark,* 124 Ariz. 235, 237, 603 P.2d 506, 508 (1979) (divorce); *Arizona Board of Regents v. Harper,* 108 Ariz. 223, 228, 495 P.2d 453, 458 (1972) (tuition). A person does not change his or her residence by virtue of being incarcerated. *Cohen v. United States,* 297 F.2d 760, 774 (9th Cir.1962), *cert. denied,* 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962). At the time of the alleged offenses, the Juvenile was incarcerated in Maricopa County, but from all the record reveals, his domicile was in Coconino County where his family lived. Therefore, Coconino County was a proper venue for the delinquency petition and for hearing the motion to transfer for prosecution as an adult.

In holding as we do, we rely on the venue statute and not on the case the State cites to bolster its argument. That case, *Matter of Appeal in Yavapai County Juvenile Action A-27789,* 140 Ariz. 7, 8, 680 P.2d 143, 144 (1984), involved a dependency proceeding in one county and an adoption action in another. The Arizona Supreme Court held that adoption proceedings in one county and dependency proceedings in another should be consolidated in the first court to properly entertain jurisdiction. *Id.* at 9–10, 680 P.2d at 145–46. The court recognized a threat of inconsistent results if an adoption proceeding and a dependency proceeding were to be decided in different forums. The court stated, "[t]o allow both actions would wreak havoc with the orderly administration of justice." *Id.* at 9, 680 P.2d at 145.

■ We do not rely on *Juvenile Action A-27789* because no combination of events which can occur in the case before us, or in proceedings which may be brought against this Juvenile for any of the alleged crimes wherever committed, can result in inconsistencies or otherwise disrupt the orderly administration of justice. Under the juvenile venue statute, it may be appropriate to bring proceedings for a single offense in more than one county. As that statute makes clear, however, when such is the case there can be only one proceeding and one adjudication for each offense. The fact that there can only be one proceeding obviates any problem of double jeopardy or double punishment. If the juvenile has committed offenses in more than one county and separate proceedings are held in each county for those offenses, the result will be as the law and the facts dictate in each case. This is no different from the manner in which criminal charges are brought against an adult who is charged with committing different crimes in different counties. It is of course possible that if a juvenile is proceeded against in two counties for crimes committed in each, the juvenile may be treated as an adult in one county and as a juvenile in the other. There is nothing necessarily inappropriate about this, and nothing in our law forbids it.

The order of the Coconino County Juvenile Court transferring the Juvenile for prosecution as an adult in Maricopa County is affirmed.

McGREGOR P.J., and GERBER, J., concur.