32 P.3d 417

**DAVID S. and Paula S., Appellants,**

v.

**AUDILIO S., Appellee.**

**No. 2 CA–JV 00–0066.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 27, 2001.

Law Office of Michelle Ratner, by Michelle Lee Ratner, Flagstaff, for Appellants.

John F. Kelliher, Jr., P.C., by Adele Drumlevitch, Sierra Vista, for Appellee.

*OPINION*

FLÓREZ, J.

¶1 David S. and Paula S. challenge the juvenile court's order dismissing for lack of jurisdiction the private dependency petition they had filed in which they alleged that their son, Audilio S., born March 30, 1984, was dependent as to them. We reverse.

¶2 The parents filed a dependency petition in December 1999 in Apache County Superior Court. They alleged that Audilio was staying at a residential treatment facility in Cochise County, that he had had altercations with Paula and had attacked her, that they were unable to care for Audilio because of his violent nature, and that he was therefore dependent as to them. They asked the court to continue his placement in the treatment center and to award legal custody of him to the Arizona Department of Economic Security (ADES).[1] At an initial dependency hearing in February 2000, the Apache County Juvenile Court noted that the parents had since moved to Louisiana. Although the court denied ADES's motion to dismiss the dependency petition, the court found venue in that county improper and transferred the proceeding to Cochise County Juvenile Court. The court added that any finding as to Audilio's dependent status was premature.

¶3 In June 2000, after a number of continuances, the Cochise County Juvenile Court held a review hearing at which counsel for the parents urged the court to hear the dependency proceeding. It is apparent from the minute entry of that hearing that the court and all counsel were uncertain about the status of the case and, as the court stated, "whether or not [ADES] Child Protective Services is even involved in this matter." Refusing to decide jurisdictional issues that had apparently been discussed, the court found that ADES was not a party and refused to order services.

¶4 In August, the court held another review hearing at which Audilio's counsel orally moved to dismiss the dependency petition for lack of jurisdiction. The juvenile court found that Audilio was not domiciled in Arizona but was a domiciliary of Louisiana because, notwithstanding that the parents might have resided in Arizona at the time the dependency petition was filed, they had since relocated. The court concluded that Audilio's domicile was that of his parents and granted the motion to dismiss. The court "advised" the parents' counsel to communicate with

---

1. The Arizona Department of Economic Security participated in proceedings below by permission of both Cochise County and Apache County Juve- nile Courts. But it was never a party below, the Cochise County Juvenile Court making clear its lack of party status.

Audilio's counsel "to make transportation arrangements of the minor child to the State of Louisiana." This appeal by the parents followed. The question of whether the juvenile court had jurisdiction is a legal question, which we review de novo. *In re Marriage of Tonnessen*, 189 Ariz. 225, 941 P.2d 237 (App. 1997).

¶ 5 The parents contend the juvenile court erred in dismissing their dependency petition, arguing the court had jurisdiction when the petition was filed, at which time they and Audilio were domiciled in Arizona. The parents further contend the court was required by A.R.S. § 8–202(G) to retain jurisdiction. Additionally, the parents point to the Uniform Child Custody Jurisdiction Act (UC-CJA), A.R.S. §§ 25–431 through 25–454,[2] which provides that a state has jurisdiction to decide matters relating to the custody of a child if that state is "the domicile or the home state of the child at the time of commencement of the proceeding." § 25–433(A)(1). We agree with the parents that the juvenile court erred by dismissing the petition for lack of jurisdiction.

■ ¶ 6 A dependency petition may be filed by "[a]ny interested party ... alleging that a child is dependent." A.R.S. § 8–841(A). The venue of the proceeding is "determined by the county of the residence of the juvenile, or the county where the alleged dependency ... occurs." A.R.S. § 8–206(A). At the time of the hearing, A.R.S. § 8–202(B) provided that "[t]he juvenile court has exclusive original jurisdiction over all proceedings brought under the authority of [Title 8, A.R.S.]." Similarly, § 25–433(A)(1) provided that the superior court of this state had jurisdiction "to make a child custody determination" if this state was the child's "domicile or the home state ... at the time of commencement of the proceeding." *See also* § 25–432(2) and (3) (defining "custody determination" and "custody proceeding" in UC-CJA to include dependency proceeding). For purposes of determining whether a court has jurisdiction to hear a matter, the relevant time is the commencement of the proceeding. *In re Pima County Juvenile Action No. J–*

*78632*, 147 Ariz. 527, 711 P.2d 1200 (App. 1985), *approved in relevant part*, 147 Ariz. 584, 712 P.2d 431 (1986). *See also J.D.S. v. Superior Court*, 182 Ariz. 98, 104, 893 P.2d 749, 755 (App.1994) ("The critical date for determining home state status [for purposes of the UCCJA] is the date the proceedings were commenced.").

■ ¶ 7 It is undisputed that, at the time the petition was filed, the parents and Audilio were domiciled in Arizona. Although the parents' relocation to Louisiana may well be what the juvenile court characterized as a "material change of circumstance," it did not deprive the juvenile court of jurisdiction, given that the child remains in this state. Audilio is correct that a child's domicile for purposes of determining venue may, indeed, be the domicile of the parents. *See In re Coconino County Juvenile Action No. J–12187*, 180 Ariz. 509, 885 P.2d 197 (App.1994). But, a child who is present in this state and who was domiciled here when a dependency petition was filed, albeit a private dependency petition rather than one filed by ADES, nevertheless may still be the subject of a dependency proceeding in this state. *See J.D.S. v. Franks*, 182 Ariz. 81, 893 P.2d 732 (1995).

■ ¶ 8 Audilio insists that the juvenile court had no jurisdiction because it did not find him dependent and that there is no basis for the petition because the parents have not established that they are financially unable to care for him. Audilio is placing the proverbial cart before the horse. The juvenile court never conducted a dependency hearing because it found it lacked jurisdiction to do so. Audilio's arguments go to the merits of the petition and are thus premature. Additionally, although Louisiana may indeed be the more appropriate forum under the UCCJA, it does not appear that an action was pending in that state. Thus, we find inapplicable the provisions of the UCCJA relating to an Arizona court's deferring to the jurisdiction of another court in which a proceeding is pending. *See J.D.S. v. Superior Court*, 182 Ariz. at 105, 893 P.2d at 756 (before Arizona court is required to defer to court in another state,

---

**2.** Former A.R.S. §§ 25–431 through 25–454 have since been renumbered as A.R.S. §§ 25–1001

through 25–1067. 2000 Ariz.Sess.Laws, ch. 215, § 3 (effective January 1, 2001).

petition in other state must be first in time and other state must be "exercising jurisdiction substantially in conformity with the UCCJA").

¶ 9 In light of our conclusion that the juvenile court erred by granting Audilio's motion to dismiss the dependency petition for lack of jurisdiction, we need not address the parents' remaining arguments. The juvenile court's order is reversed, and this matter is remanded for further proceedings.

CONCURRING: J. WILLIAM BRAMMER, JR., Presiding Judge, and JOHN PELANDER, Judge.