265 P.3d 1068

**In re the Marriage of Audrey Ann LALLY, Petitioner/Appellee,**

v.

**Noel Thomas LALLY, Respondent/Appellant.**

**No. 1 CA–CV 07–0778.**

Court of Appeals of Arizona, Division 1, Department E.

Nov. 17, 2011.

## DECISION ORDER

MARGARET H. DOWNIE, Judge.

¶ 1 Audrey Ann Lally ("Mother") and Noel Thomas Lally ("Father") were divorced in 2000. Since that time, they have engaged in extensive post-dissolution litigation. In 2007, Mother filed a petition for contempt, alleging, *inter alia*, that Father had failed to pay court-ordered child support, spousal maintenance, and unreimbursed medical expenses for the children. Father denied Mother's claims and filed a "counter[-]petition" seeking to increase his parenting time and to hold Mother in contempt for attempting to alienate the children.

¶ 2 After an evidentiary hearing, the family court filed a signed minute entry on August 3, 2007 (the "August 2007 order"), entering judgment against Father for $71,765.20 in child support arrearages, $2700 in spousal maintenance arrearages, and $5767.46 in unreimbursed medical expense arrearages. Father did not appeal from that order. Instead, on August 15, 2007, he filed a motion to amend the order, and on August 27, 2007, he moved to amend his counter-petition. The family court denied both motions in a signed minute entry dated September 5, 2007.

¶ 3 Father's notice of appeal states that he is appealing "from an order entered in the office of the Family Court Clerk on September 5, 2007." Although Mother has not raised the issue, we are obligated to examine our appellate jurisdiction *sua sponte*. *See Arvizu v. Fernandez*, 183 Ariz. 224, 226, 902 P.2d 830, 832 (App.1995). Father asserts that we have jurisdiction pursuant to ARCAP 1. That rule, though, does not confer jurisdiction, but is merely a procedural rule governing appeals. Our appellate jurisdiction is found in Arizona Revised Statutes ("A.R.S.") section 12–2101(A).

¶ 4 The order from which Father appeals is a post-judgment order. Not all orders after final judgment are appealable. *See Williams v. Williams*, 228 Ariz. 160, 164, 264 P.3d 870, 874, 618 Ariz. Adv. Rep. 8, ¶ 11 (App.2011). The August 2007 order imposed a money judgment and was appealable. *See* A.R.S. § 12–2101(A)(2). Father's motion to amend that order extended his time to appeal. *See* Ariz. R. Fam. L.P. 84; ARCAP 9(b). But the order denying the motion to amend was not itself appealable.

¶ 5 "To be appealable, a special order after judgment must raise different issues than those that would be raised by appealing the underlying judgment." *In re Marriage of Dorman*, 198 Ariz. 298, 300, ¶ 3, 9 P.3d 329, 331 (App.2000) (citing *Arvizu*, 183 Ariz. at 226–27, 902 P.2d at 832–33). The arguments raised in Father's motion to amend the August 2007 order were the same ones presented in response to Mother's contempt petition. In the motion to amend, Father argued, as he had previously, that he owed no arrearages because the parties had agreed to decrease his child support obligation. Father also repeated his claim that Mother withdrew $634.50 twice a month in 2001 for which he should receive credit. Father also again argued he should not be responsible for uncovered medical expenses during the time he offered to insure the children through AHCCCS. All of the arguments Father made in his motion to amend "would be raised by appealing the underlying judgment." *Dorman*, 198 Ariz. at 300, ¶ 3, 9 P.3d at 331. Thus, the denial of the motion to amend the August 2007 order is not an appealable special order after judgment. *See id.*

¶ 6 Father also appeals from the denial of his motion to amend the counter-petition. The family court treated this motion as "a second Motion for Reconsideration or an alternate argument for reconsideration and modification" of the August 2007 order. We agree with this characterization. The motion to amend the counter-petition raised the same arguments as the motion to amend the August 2007 order. Notwithstanding the title of the motion, it was, in fact, another attempt to have the court reconsider the same issues.[1] Therefore, the denial of that

---

1. The motion did not seek to have the court consider the issues raised in the counter-petition.

motion is also not an appealable special order after judgment.

¶ 7 Because we lack jurisdiction to review the September 5, 2007 order, we dismiss Father's appeal from that order.

CONCURRING: DIANE M. JOHNSEN, Presiding Judge and PATRICIA A. OROZCO, Judge.