NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

KELLY GUTIERREZ, *Petitioner/Appellee,*

*v.*

RAY O. GUTIERREZ, *Respondent/Appellant.*

No. 1 CA-CV 13-0553
FILED 06-17-2014

———————————————

Appeal from the Superior Court in Apache County
No.   S0100DO201300047
The Honorable Donna J. Grimsley, Judge

**JURISDICTION GRANTED, RELIEF DENIED**

———————————————

COUNSEL

Law Office of Marsha Gregory, PC, Springerville
By Marsha Ann Gregory
*Counsel for Petitioner/Appellee*

Hamblin Law Office, PLC, Eager
Bryce M. Hamblin
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Margaret H. Downie joined.

---

**K E S S L E R**, Judge:

¶1 Ray O. Gutierrez ("Husband") appeals from an order in which the superior court ruled neither Husband nor his wife, Kelly Gutierrez ("Wife") were the legal parents of a child, T., whom they had raised since T.'s birth in 2007. Husband appeals from the superior court's consolidation of the parties' dissolution action with Wife's petitions to adopt T. and sever the parental rights of T.'s biological mother. Husband also appeals the award of temporary shared custody of T. For the following reasons, we exercise our discretion to treat Husband's appeal as a petition for special action and accept jurisdiction, but deny relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Husband and Wife wed in 2004 and had two children together in 2008 and 2009. In 2007, the parties informally "adopted" T. when his biological mother agreed to place T. with the parties. T.'s biological mother signed a consent for Wife to adopt T. Husband is not listed on the consent to adopt, but was listed on T.'s birth certificate despite Husband admittedly not being T.'s biological father. The record contains no information about T.'s biological father. The parties have raised T. since his birth with no contact or support from his biological parents.

¶3 Wife petitioned for dissolution of the marriage and sought joint legal decision-making and primary parenting time of the parties' two biological children, as well as T.[1] The same day she filed her petition for dissolution, Wife also filed a petition to terminate the biological mother's parental relationship with T. The superior court consolidated the

---

[1] Effective January 1, 2013, the term "custody" was replaced with "legal decision-making." *See* Ariz. Rev. Stat. ("A.R.S.") § 25-402 (Supp. 2013).

dissolution and severance actions. In response to the dissolution petition, Husband asserted he was T.'s legal parent.

¶4 At a temporary orders hearing, Husband admitted he was not T.'s biological father. The superior court concluded it had jurisdiction to issue temporary orders relating to T. because it was in the best interest of the child to have such orders in place despite Husband's jurisdictional objections. The court ordered the parties to temporarily share parenting time with T. and submit briefs addressing the court's jurisdiction over T.

¶5 After the temporary orders hearing, Wife filed a petition to adopt T. After receiving the parties' briefs, the court held a second hearing and found neither party had legally adopted T. and Husband was not T.'s biological father. The superior court noted the parties might have to amend their pleadings to seek legal decision-making or placement with a third party because neither party was the legal parent. The court also ruled the petitions for severance and adoption were moot and vacated further proceedings in the adoption matter because neither party was the biological or legal parent of T. The temporary orders relating to T. remained in place. Husband filed a notice of appeal from this order.

**DISCUSSION**

I.    Appellate Jurisdiction

¶6 Husband filed a notice of appeal from the order finding that he was not the legal parent of T. and awarding Wife temporary legal decision-making and parenting time with T. Although neither party has raised the issue, "we are obligated to examine our appellate jurisdiction *sua sponte.*" *Lally v. Lally*, 228 Ariz. 269, 270, ¶ 3, 265 P.3d 1068, 1069 (App. 2011). Husband contends this Court has appellate jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(3) (Supp. 2013), which states an appeal may be taken from an "order affecting a substantial right made in an action when the order in effect determines the action and prevents judgment from which an appeal might be taken." Typically, A.R.S. § 12-2101(A)(3) applies to orders of dismissal. *See Garza v. Swift Transp. Co., Inc.*, 222 Ariz. 281, 284, ¶¶ 14-16, 213 P.3d 1008, 1011 (2009). The order at issue here did not prevent a judgment because it anticipated further rulings as to legal decision-making and parenting time with T. Furthermore, the legal decision-making and parenting time order Husband seeks to appeal is temporary and, therefore, not appealable. *See Villares v. Pineda*, 217 Ariz. 623, 625, ¶ 11, 177 P.3d 1195, 1197 (App. 2008) (holding temporary orders are not appealable).

¶7            "In the exercise of our discretion, however, we may elect to treat an appeal as a petition for special action, despite our lack of appellate jurisdiction." *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 594, ¶ 16, 161 P.3d 1253, 1258 (App. 2007). "We elect to do so here and accept special action jurisdiction because there is no equally plain, speedy, and adequate remedy by appeal and some of the issues raised are purely legal in nature." *Id.* (quotations and citations omitted).

## II.    Consolidation of Dissolution, Severance, and Adoption Actions

¶8            Husband argues the superior court erred by consolidating Wife's severance and adoption petitions with the dissolution action because there were no common issues or parties in the three actions. We disagree.

¶9            Both parties in the dissolution action claimed to have legal rights to the child. Husband claimed he was a legal parent, and Wife based her claim on the fact that she raised the child since birth. Although the severance and adoption petitions presented different legal issues than those presented in the dissolution petition, the proceedings involved the common issues of Husband and Wife's legal status as to T., the appropriate placement of T., and the possible need for orders, at the conclusion of the dissolution action, concerning custody and parenting time of and child support for T. Judicial economy favors consolidation under these circumstances. *Cf. Maricopa Cnty. Juv. Action No.* A-27789, 140 Ariz. 7, 9, 680 P.2d 143, 145 (1984) ("In light of [these] overlapping interests and issues, principles of judicial economy mandate that the . . . proceedings be consolidated.").

¶10            Additionally, in Arizona the "superior court is a single unified trial court of general jurisdiction. The superior court may maintain separate departments for different kinds of cases, but such administrative organization does not partition the court's general subject matter jurisdiction." *Rinegar v. Rinegar*, 231 Ariz. 85, 88, ¶ 13, 290 P.3d 1208, 1211 (App. 2012) (quotation and citations omitted). Thus, it was appropriate to consolidate the dissolution, adoption, and severance petitions that involved the same child.

## III.    Presumption of Paternity

¶11            The superior court ruled Husband was not T.'s legal parent despite Husband being named as the father on T.'s birth certificate. Husband argues he is presumed to be T.'s father because his name is on the birth certificate. "A man is presumed to be the father of a child if . . .

[a] birth certificate is signed by the mother and father of a child born out of wedlock." A.R.S. § 25-814(A)(3) (2007). This presumption can be rebutted, however, by clear and convincing evidence. A.R.S. § 25-814(C). Husband admitted under oath that he was not T.'s biological father. This constitutes clear and convincing evidence sufficient to rebut the presumption of paternity.

¶12 Husband contends the time to rebut this presumption has passed. Husband argues the presumption is similar to a voluntary acknowledgment of paternity, which can only be challenged up to six months after a sixty-day rescission period has passed. *See* A.R.S. § 25-812(E) (Supp. 2013); *Andrew R. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 453, 457-58, ¶ 19, 224 P.3d 950, 954-55 (App. 2010). We disagree.

¶13 There is no evidence Husband submitted a voluntary acknowledgement of paternity and Husband cites no authority for treating a birth certificate in the same manner as a voluntary acknowledgment. A voluntary acknowledgement of paternity may be rescinded within sixty days and may be challenged *after* that sixty-day period pursuant to Arizona Rule of Family Law Procedure 85(c). A.R.S. § 25-812(E), (H). In *Andrew R.*, this Court held that a challenge to a voluntary acknowledgment of paternity must be made within the six-month time period set forth in Rule 85(c). 223 Ariz. at 457-58, ¶ 19, 224 P.3d at 954-55

¶14 Conversely, A.R.S. § 25-814 imposes no time limits on the ability to rebut the presumption of paternity arising from a birth certificate. In the absence of such language, we presume the legislature was aware of its ability to impose such a limitation, but chose not to do so. We determine the intent of the legislature by looking at the plain wording of the statute at issue. *Andrew R.*, 223 Ariz. at 457, ¶ 16, 224 P.3d at 954. Thus, the superior court properly concluded the presumption of paternity arising from Husband's name on the birth certificate was rebutted by clear and convincing evidence when Husband admitted under oath he was not T.'s biological father.

¶15 Husband also argues Wife lacked standing to challenge the presumption of paternity because she is not a proper party to a paternity action. Husband cites A.R.S. § 25-803(A) (Supp. 2013), which identifies those who may commence proceedings to establish paternity. However, this is not an action to establish paternity. Husband asserted the paternity presumption in the dissolution action. Wife challenged the presumption in defense of Husband's claim that Wife had no legal rights to T. We

conclude A.R.S. § 25-803(A) does not bar Wife from rebutting the presumption in this case, where Husband raised the issue of paternity first, and a determination as to T.'s paternity is central to how the court addresses the balance of many of the issues before it.

IV.    Award of Visitation to Wife

¶16    Husband next argues the superior court lacked jurisdiction to award Wife any visitation with T. because T. was not a child common to the marriage. Wife argues the court could award legal decision-making or placement of T. to Wife, a third party who, pursuant to A.R.S. § 25-409 (Supp. 2013), stands *in loco parentis* to the child. Relying on A.R.S. § 25-402(B)(2) (Supp. 2013) (authorizing non-parent's request for legal decision-making and parenting time of a child pursuant to A.R.S. § 25-409), and *Finck v. O'Toole,* 179 Ariz. 404, 406, 880 P.2d 624, 626 (1994), Husband contends the superior court could not exercise jurisdiction pursuant to A.R.S. § 25-409 because Wife had not filed a petition pursuant to that statute.

¶17    *Finck* is distinguishable. In *Finck,* step-grandparents were not entitled to an award of visitation as third parties under the law as it then existed. 179 Ariz. at 407, 880 P.2d at 627. Here, Wife cited to A.R.S. § 25-415(G)(1), the predecessor to A.R.S. § 25-409, in responding to Husband's jurisdictional brief. Section 25-409(A) authorizes an award of legal decision-making or placement to a person standing *in loco parentis* to the child. After concluding neither party was a legal parent, the superior court indicated it would proceed with custody issues, but the parties would need to amend their pleadings to incorporate the *in loco parentis* basis.

¶18    Further, although Wife's pleadings did not explicitly raise A.R.S. § 25-409, the superior court could find the issue was implicitly raised. Arizona Rule of Family Law Procedure 34(B) states "[w]hen issues not raised by the pleading are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Although Husband did not expressly consent to the court invoking A.R.S. § 25-409, Husband can only seek legal decision-making or visitation with T. by virtue of that section because he is not a legal parent. We presume, then, Husband would consent to the superior court awarding temporary joint legal decision-making and visitation to the parties pursuant to A.R.S. § 25-409. Regardless of such consent, we conclude A.R.S. § 25-409 was adequately raised by Wife's pleadings and the facts before the superior court.

¶19 Wife's petition for dissolution contained all the factual allegations required by A.R.S. § 25-409(A), which provides the court shall deny a third party's petition for legal decision-making or visitation unless the petition establishes: (1) the petitioner stands *in loco parentis* to the child; (2) it would be significantly detrimental to the child to remain in the care of a legal parent who seeks to keep or acquire legal decision-making; (3) a court has not entered legal decision-making orders within one year of the petition; and (4) the child's legal parents are not married to each other at the time the petition was filed.[2] Wife's petition alleged the parties raised T. since birth, along with two children common to the parties, and there have been no other proceedings regarding T. or the parties' other children. Wife incorporated into her dissolution petition her severance petition, which alleged the biological father was unknown and the biological mother has abandoned the child, failed to maintain a relationship with the child, and failed to provide any financial or emotional support to the child. These allegations establish all the elements required by A.R.S. § 25-409(A). Thus, Wife's petition for dissolution, in which she requested joint legal decision-making and parenting time with T., sufficiently raised the issue of legal decision-making and placement pursuant to A.R.S. § 25-409.

¶20 Additionally, Wife's petitions for severance and adoption were before the court. Wife argues the court had authority to award her legal decision-making pursuant to A.R.S. § 25-1002(4)(a) (Supp. 2013), which defines a child custody proceeding to include a proceeding for termination of parental rights.[3] Thus, the court had authority to enter orders based on the severance petition. We also note A.R.S. §§ 25-1031 (2007) and -1034(A) (2007) authorize the court to make an initial child custody determination and exercise temporary emergency jurisdiction to make such a determination. "Child custody determinations" include temporary orders for "legal custody, physical custody or visitation with respect to a child." A.R.S. § 25-1002(3)(a). These statutes also support the superior court's temporary placement order.

---

[2] Section 25-409(A)(4) includes two other alternative bases that are not applicable here.

[3] Because Wife's severance and adoption petitions were also before the superior court, we find *Finck* distinguishable. 179 Ariz. at 406, 880 P.2d at 626. Unlike Wife, the step grandparents in *Finck* had not sought a child custody determination under the juvenile statutes, which might otherwise provide the necessary authority. *Id.*

V.        Attorneys' Fees and Costs on Appeal

**¶21**        Both parties request an award of attorneys' fees on appeal without citation to any legal authority for such an award.  A general request for an award of attorneys' fees on appeal without citation to statutory or case law authority supporting that request does not comply with the requirement that all claims for attorneys' fees "must specifically state the statute, rule, decisional law, contract, or other provision authorizing an award of attorneys' fees."  ARCAP 21(a)(2).  Accordingly, we deny both parties' requests. *See Parkway Bank & Trust Co. v. Zivkovic,* 232 Ariz. 286, 292, ¶ 24, 304 P.3d 1109, 1115 (App. 2013).  However, we award Wife taxable costs on appeal pursuant to A.R.S. § 12-341 (2003) upon timely compliance with ARCAP 21.

## CONCLUSION

**¶22**        We exercise our discretion to treat Husband's appeal as a petition for special action and accept jurisdiction.  We deny relief, thereby affirming the consolidation of the dissolution, severance, and adoption proceedings; the finding that Husband is not T.'s legal parent; and the award of temporary shared custody to Husband and Wife.  We deny both parties' requests for an award of attorneys' fees on appeal.[4]



Ruth A. Willingham · Clerk of the Court
F I L E D: gsh

---

[4]        The superior court's later ruling that the severance and adoption petitions were moot and its order vacating the adoption proceedings are not before us and, therefore, we need not address the merits of those issues.  We note, however, in light of the superior court's determination that neither party was a biological or legal parent to T., Mother's adoption petition, rather than being moot, might have been premature until both biological parents' rights are severed and Mother obtains proper certification.  *See* A.R.S. §§ 8-105 (2014), -106 (2014).