NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

JOSHUA T., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.C., A.C., *Appellees*.

No. 1 CA-JV 17-0292
FILED 3-15-2018

Appeal from the Superior Court in Mohave County
No. B8015JD201404048
The Honorable Rick A. Williams, Judge

**DISMISSED**

APPEARANCES

Joshua T., Phoenix
*Appellant*

Arizona Attorney General's Office, Mesa
By Ashlee N. Hoffman
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge Randall M. Howe and Judge Kenton D. Jones joined.

**M O R S E**, Judge:

¶1 Joshua T. appeals the juvenile court's order affirming A.C.'s continued placement and case plan of adoption by William B., the child's adoptive parent. For the following reasons, we dismiss.

## FACTS AND PROCEDURAL HISTORY

¶2 Brothers A.C. and J.C. are the biological sons of Mother and Father, whose parental rights were terminated by the juvenile court and neither of whom are parties to this appeal. William B. is the adoptive parent of A.C.

¶3 During the dependency proceedings, the Arizona Department of Child Services ("DCS") took custody of the brothers and initially placed A.C. and J.C. together in a kinship placement. The brothers were later separated when DCS placed J.C. with Joshua T. and moved A.C. to a therapeutic foster home with William B. after A.C. exhibited certain behavioral issues in the kinship placement, which worsened over time.

¶4 Finding the brothers' respective placements with their prospective adoptive parents to be in their best interests and the least restrictive placements available, consistent with their needs, the juvenile court affirmed the brothers' continued placements and case plans of adoption on May 25, 2017. Ariz. Rev. Stat. ("A.R.S.") §§ 8-513 and 8-514(B). Having expressed that it was in the brothers' best interests to be together and an interest in adopting them both, Joshua T. timely appealed the juvenile court's May 2017 order. Joshua T. then requested that this court stay A.C.'s adoption proceedings. The adoption proceeded in the juvenile court and in August 2017, the juvenile court granted A.C.'s order of adoption, denied Joshua T.'s motion to stay the adoption, and dismissed A.C.'s dependency action. We subsequently denied Joshua T.'s motion to stay A.C.'s adoption. Joshua T. never appealed the juvenile court's order of adoption.

## DISCUSSION

### I.    Standard for Review

¶5 Before reviewing the merits of an appeal, we have an independent duty to determine whether we have jurisdiction. *Ghadimi v. Soraya*, 230 Ariz. 621, 622, ¶ 7 (App. 2012); *see* ARCAP 13(a)(4) (requiring appellant to include the basis for jurisdiction in the opening brief). Because juvenile dependency matters are unique and involve the fundamental right

to raise one's children, orders declaring or reaffirming a child's dependency are final orders subject to appeal by aggrieved parties. *In re Yavapai Cty. Juvenile Action No. J-8545*, 140 Ariz. 10, 14 (1984); Ariz. R.P. Juv. Ct. 104(A) (providing that any aggrieved party may appeal from a final order of the juvenile court); *see also* ARCAP 9(a) (requiring a timely notice of civil appeal). Dependency and adoption proceedings are separate, distinct matters. *In re Maricopa Cty. Juvenile Action No. A-27789*, 140 Ariz. 7, 9 (1984). A failure to timely file a notice of appeal divests this court of jurisdiction to do anything except dismiss an attempted appeal. *In re Marriage of Thorn*, 235 Ariz. 216, 218, ¶ 5 (App. 2014). "[W]e will dismiss an appeal as moot when our action as a reviewing court will have no effect on the parties." *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012).

## II.     This Court Lacks Jurisdiction Except To Dismiss

**¶6**          Because Joshua T. has not appealed the grant of adoption, his appeal of the juvenile court's order affirming A.C.'s continued placement with, and the case plan of adoption by, William B. is moot without exception. The child was legally adopted and the dependency dismissed, and thus our action as a reviewing court will have no effect on the parties. *See Phx. Newspapers, Inc. v. Molera*, 200 Ariz. 457, 460, ¶ 12 (App. 2001) (though a matter of prudential or judicial restraint, we limit our review of moot cases to issues of public importance and those likely to recur). None of Joshua T.'s arguments present any matter over which we might exercise jurisdiction. Absent "a timely notice of appeal following entry of the order sought to be appealed, we are without jurisdiction to determine the propriety of the order sought to be appealed." *Lee v. Lee*, 133 Ariz. 118, 124 (App. 1982). Though he asks this court to reverse the juvenile court's order of adoption, Joshua T. has not timely or otherwise appealed that order. We therefore lack jurisdiction to review the merits of the juvenile court's orders in this appeal.

**¶7**          Because we lack jurisdiction to review the adoption order, and Joshua T.'s appeal from the juvenile court's placement order is moot, we dismiss this appeal.

**CONCLUSION**

¶8        For the abovementioned reasons, we dismiss.



AMY M. WOOD • Clerk of the Court
FILED:   AA