NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ERICKA H., TERRANCE D., *Appellants,*

*v.*

DEPARTMENT OF CHILD SAFETY, C.H., M.H., T.D., *Appellee*s.

No. 1 CA-JV 20-0382
FILED 4-20-2021

Appeal from the Superior Court in Maricopa County
No. JD 39867
The Honorable Robert I. Brooks, Judge

**AFFIRMED**

COUNSEL

Barreda Law, Gilbert
By Joshua A. Barreda
*Counsel for Appellant, Ericka H.*

Jeffrey M. Zurbriggen PC, Phoenix
By Jeffrey Zurbriggen
*Counsel for Appellant, Terrance D.*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Attorney for Appellee, Department of Child Safety*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

_____

**B R O W N**, Judge:

¶1    Ericka H. ("Mother") and Terrance D. ("Father") appeal the juvenile court's dependency order, challenging the court's exercise of jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").  For the following reasons, we affirm.

## BACKGROUND

¶2    Mother has three children involved in this dependency case: C.H., born in 2003; M.H., born in 2005; and T.D., born in 2017.  The father of C.H. and M.H. is deceased, and "Father" is T.D.'s father.  The family lived in Illinois for years but traveled to Arizona in July 2020.  The parties dispute whether the family was merely visiting Arizona, but they were still here on September 1, when the children were taken into Arizona Department of Child Safety ("DCS") custody after a domestic violence incident.

¶3    A few days later, DCS placed the children with their paternal grandmother and petitioned for dependency as to both parents.  DCS asserted "Arizona has temporary emergency jurisdiction pursuant to A.R.S. § 25-1034" and "it is necessary to protect [each] child as he/she is threatened with mistreatment or abuse."  DCS then moved for an emergency UCCJEA conference to resolve potential jurisdictional issues, acknowledging Illinois was the children's home state because they had been in Arizona for less than six months.

¶4    After a home visit, DCS decided paternal grandmother's home was an inappropriate placement and moved the three children to a group home without seeking court approval.  On October 4, 2020, a vehicle with an unidentified driver pulled up outside the group home, and the two older children grabbed T.D. and got into the car. The children's whereabouts remain unknown.  Immediately after the incident, DCS filed a belated motion for a change in physical custody, seeking court approval for the earlier move to the group home.

¶5 Several weeks later, the juvenile court held a UCCJEA status conference, which included brief participation by Judge Paula Gomora from Will County, Illinois. Judge Gomora confirmed there were no pending or prior child custody matters in her state and Illinois did not wish to exercise jurisdiction. The superior court then explained it had emergency jurisdiction over the case under the UCCJEA and it would continue to exercise "ongoing jurisdiction" under A.R.S. § 25-1034. The court denied DCS's motion for a change in physical custody as moot because the children's whereabouts were unknown. Following the subsequent adjudication hearing, the superior court found all three children dependent. Mother and Father jointly appealed.

## DISCUSSION

¶6 Mother and Father do not challenge the factual support for the dependency findings; instead, they argue the dependency proceeding should be dismissed for lack of jurisdiction. We review de novo whether the juvenile court had jurisdiction to decide a dependency matter. *Angel B. v. Vanessa J.*, 234 Ariz. 69, 71, ¶ 6 (App. 2014). We also review de novo matters of statutory interpretation. *Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 233, ¶ 8 (App. 2005).

¶7 The superior court correctly determined Arizona had jurisdiction over the dependency proceedings under the UCCJEA. *See* A.R.S. §§ 25-1001 to –1067; 750 ILCS 36/101 to 36/403. The parties do not dispute Illinois was the children's home state under the UCCJEA. *See* A.R.S. § 25-1002(7) (defining "home state"). However, the juvenile court could properly exercise temporary emergency jurisdiction under § 25-1034(A), which provides "[a] court of this state has temporary emergency jurisdiction if the child is present in this state and . . . it is necessary . . . to protect the child because the child . . . is subjected to or threatened with mistreatment or abuse."

¶8 Mother and Father argue temporary emergency jurisdiction was improper because the children were not present in Arizona at the time of the dependency adjudication hearing, as their whereabouts were unknown. But the relevant time for determining a child's presence for jurisdictional purposes is the commencement of the proceedings, which in this case means the date the dependency petition was filed. *See David S. v. Audilio S.*, 201 Ariz. 134, 136, ¶ 6 (App. 2001) (explaining relevant time for determining jurisdiction under the Uniform Child Custody Jurisdiction Act is "the commencement of the proceeding"); *Atkinson v. McIndoo*, No. 1 CA-CV 14-0124, 2015 WL 127928, at *3 (Ariz. Ct. App. Jan. 8, 2015) (affirming

temporary emergency jurisdiction when "Child was located in Arizona at the time of the petition"); *see also McAbee v. McAbee*, 259 So. 3d 134, 139 (Fla. Dist. Ct. App. 2018) (finding emergency temporary jurisdiction proper because child was "physically present" when petition was filed); *Alger v. Jacobs*, 93 N.Y.S.3d 492, 493 (N.Y. App. Div. 2019) (same); *In re M.P.*, 219 A.3d 1315, 1322, ¶ 20 (Vt. 2019) (same); *cf. Peterson v. Peterson*, 965 So. 2d 1096, 1101 (Ala. Civ. App. 2007) (rejecting jurisdiction because children were not physically present in state on the date petition was filed); *Bradshaw v. Pelley-Whelan*, 456 P.3d 765, 769 n.5 (Utah Ct. App. 2019) (same).

¶9            Interpreting § 25-1034(A) as urged by Mother and Father would require dismissal of a dependency proceeding any time a child is not present in the state at the time of the adjudication hearing. That interpretation runs counter to the purposes of the UCCJEA. *See Melgar v. Campo*, 215 Ariz. 605, 607, ¶ 10 (App. 2007) (explaining the UCCJEA's purpose is to "address the issue of competing orders and duplicative jurisdiction"); *see also Cleckner v. Ariz. Dep't of Health Servs.*, 246 Ariz. 40, 43, ¶ 9 (App. 2019) (noting courts "seek to apply a sensible construction that avoids absurd results"). The children here have absconded or been abducted, and as the superior court said, "[i]t cannot be in the children's best interests that . . . no Court possesses jurisdiction to keep them safe once located."

¶10           Because the children undisputedly were present in Arizona when DCS filed the petition, the superior court properly exercised temporary emergency jurisdiction. Illinois, the children's home state, had no prior child custody determinations or ongoing proceedings, and the Illinois court expressly declined to exercise jurisdiction in this matter. Thus, the Arizona dependency order remains in effect as a final determination in this matter, as the superior court stated. *See* A.R.S. § 25-1034(B) (allowing an order to become a final determination "if there is no previous child custody determination . . . and a child custody proceeding has not been commenced in . . . a state having jurisdiction under § 25-1031, 25-1032, or 25-1033").[1]

---

[1]      Mother and Father also argue temporary emergency jurisdiction was improper because the specific time for exercising jurisdiction was not defined, citing A.R.S. § 25-1034(C)–(D). However, those statutory subsections are not pertinent here, as they only apply if another state with jurisdiction has a prior child custody determination or an ongoing proceeding.

**¶11** In passing, Mother and Father suggest the superior court erred and did not find them indigent, which "forced [them] to hire private counsel." Because they fail to develop the argument or provide any supporting authority, it is waived. *See State v. Moody*, 208 Ariz. 424, 452 n.9 (2004) ("Merely mentioning an argument is not enough . . . . 'Failure to argue a claim usually constitutes abandonment and waiver . . . .'"); *Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234 n.6 (App. 2011) (finding waiver where appellant "made a general argument in her opening brief" but failed to develop it).

**¶12** Finally, Mother and Father request attorneys' fees and costs under ARCAP 21. We deny the fee request because the parents failed to cite any supporting substantive authority. *See* ARCAP 21(a)(2) ("A claim for fees under this Rule must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees."). We also deny the parents' request for costs because, even assuming taxable costs may be awarded to a party who does not prevail on appeal, ARCAP 21 does not authorize awarding such costs in juvenile proceedings. *See* ARCAP 1(b) (explaining the civil appellate rules govern "civil appeals"); Ariz. R.P. Juv. Ct. 103(G) (listing ARCAP rules that apply in juvenile proceedings, which do not include ARCAP 21).

## CONCLUSION

**¶13** We affirm the superior court's dependency order.

