316 P.3d 1257

ANGEL B., Appellant,

v.

VANESSA J., N.B., Appellees.

No. 1 CA–JV 13–0063.

Court of Appeals of Arizona, Division 1.

Jan. 21, 2014.

Robert D. Rosanelli, Phoenix, Counsel for Appellant.

Vanessa J., Phoenix, Appellee In Propria Persona.

Judge SAMUEL A. THUMMA delivered the opinion of the Court, in which Presiding Judge JON W. THOMPSON and Judge KENT E. CATTANI joined.

## OPINION

THUMMA, Judge.

¶ 1 In this private severance case, Father Angel B. timely appeals from the Maricopa County Superior Court's order granting

Mother Vanessa J.'s petition to terminate his parental rights to their child N.B. Noting Mother and Father were divorced in California after N.B.'s birth and that the California court issued child custody/parenting time orders, this court requested supplemental briefing on the application of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Having now considered those briefs, the court remands the matter to the superior court to determine whether Arizona, rather than California, is the appropriate jurisdiction in which to address severance.

## FACTS AND PROCEDURAL HISTORY

¶ 2 N.B. was born in California in June 2008 while Mother and Father were married and living there. In July 2008, the couple separated and, later that year, Mother apparently filed for divorce in Imperial County, California. By December 2008, Mother and Father had agreed to a parenting plan entered by the California court granting Mother custody of N.B. and Father parenting time. In August 2009, the California court issued a dissolution decree incorporating the agreed parenting plan, with custody terms later modified by that court on several occasions.

¶ 3 After the California court granted Mother's request to relocate with N.B. to Orange County, California, they moved there in mid–2010. In late–2011, Mother and N.B. moved to Arizona and have lived in Arizona ever since. Mother did not notify the California court or Father of her move to Arizona, later claiming she did not need to do so. It does not appear that Mother ever domesticated the California decree in Arizona. Father continues to live in California.

¶ 4 In April 2012, Mother filed in Arizona a petition to terminate Father's parental rights based on abandonment. There is no indication that the Arizona Department of Economic Services (ADES) was ever involved

with N.B. or that N.B. was ever a dependent child and ADES is not a party to this proceeding. Following a March 2013 contested severance trial, the Maricopa County Superior Court terminated Father's parental rights. Father timely appeals from that decision.

## DISCUSSION

### I. Subject Matter Jurisdiction.

¶ 5 Notwithstanding their reference to the California court's custody orders, neither of the parties ever raised with the superior court the potential jurisdictional impact of the UCCJEA, codified in Arizona at Arizona Revised Statutes (A.R.S.) sections 25–1001 to –1067 (2014).[1] *See also* A.R.S. § 25–1039(D) ("Each party has a continuing duty to inform the court of any proceeding in this or any other state that could affect the current proceeding."). This court has an independent obligation to evaluate subject matter jurisdiction. *State v. Phelps,* 67 Ariz. 215, 220, 193 P.2d 921, 924–25 (1948); *Kim v. Mansoori,* 214 Ariz. 457, 459, ¶ 5, 153 P.3d 1086, 1088 (App.2007) (noting this court "has the duty to review its jurisdiction and, if jurisdiction is lacking, to dismiss the appeal").

¶ 6 Whether the superior court had jurisdiction to sever Father's parental rights is a question of law this court reviews de novo. *Danielson v. Evans,* 201 Ariz. 401, 411, ¶ 36, 36 P.3d 749, 759 (App.2001); *David S. v. Audilio S.,* 201 Ariz. 134, 136, ¶ 4, 32 P.3d 417, 419 (App.2001). The parties have not cited, and this court has not found, any Arizona case discussing the application of the UCCJEA to private severance proceedings. Accordingly, this court writes on a clean slate in addressing this matter of first impression in Arizona.

### II. Application Of The UCCJEA.

#### A. Overview.

¶ 7 Promulgated by the Uniform Law Commission in 1997, the UCCJEA is a uni-

---

1. Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

form act adopted in all 50 states and the District of Columbia. *See Legislative Fact Sheet*, Uniform L. Comm'n, http://www.uniformlaws.org/Acts.aspx (click on "Child Custody Jurisdiction and Enforcement Act" and "Legislative Fact Sheet") (last visited Jan. 14, 2014). Key purposes of the UCCJEA include "to create consistency in interstate child custody jurisdiction and enforcement proceedings." *Melgar v. Campo*, 215 Ariz. 605, 606, ¶ 7, 161 P.3d 1269, 1270 (App. 2007).

■ ¶ 8 Based on principles of comity and the Full Faith and Credit Clause of the United States Constitution, the UCCJEA provides that the issuance of a child custody order by a court with jurisdiction is binding on other states unless and until certain changes or specified events occur. *See* A.R.S. §§ 25–1032 to –33, –1063 ("A court of this state shall afford full faith and credit to an order that is issued by another state, that is consistent with" the UCCJEA); *Melgar*, 215 Ariz. at 606, ¶ 8, 161 P.3d at 1270 (noting purposes of UCCJEA include avoiding "jurisdictional competition and conflict with courts of other states [, and to] . . . [p]romote cooperation with the courts of other states"); *see also Lofts v. Superior Court*, 140 Ariz. 407, 410, 682 P.2d 412, 415 (1984) (applying Full Faith and Credit Clause to child custody decrees). This primacy concept is designed to prevent competing and conflicting custody orders by courts in different jurisdictions that would put all involved at risk of uncertainty and unilateral removals of children from or to various jurisdictions. *Melgar*, 215 Ariz. at 606, ¶ 8, 161 P.3d at 1270. The UCCJEA seeks to eliminate such issues by vesting exclusive, continuing jurisdiction with the state that issues the initial child custody determination, subject to statutory exceptions. *See id.* at 607, ¶ 10, 161 P.3d at 1271 ("The UCCJEA rejects the concurrent modification interpretation and adopts a rule of exclusive continuing jurisdiction.").

### B. Original Jurisdiction Under The UCCJEA.

¶ 9 Under the UCCJEA, original jurisdiction for the initial child custody determina-

tion is the child's home state. A.R.S. § 25–1031(A)(1); Cal. Fam.Code § 3421(a)(1) (West). An initial custody determination is "the first child custody determination concerning a particular child." A.R.S. § 25–1002(8); Cal. Fam.Code § 3402(h) (West). "Home state" is the state in which the child lived with a parent for at least six consecutive months before the filing of a custody petition, or since birth. A.R.S. § 25–1002(7); Cal. Fam.Code § 3402(g) (West); *Welch–Doden v. Roberts*, 202 Ariz. 201, 208, ¶ 33, 42 P.3d 1166, 1173 (App.2002).

■ ¶ 10 As applied, the California court had original jurisdiction to issue the initial child custody determination in December 2008. Father and Mother both lived in California at least six months prior to the initial custody petition and N.B. lived in California with at least one parent since birth. Therefore, California was N.B.'s home state and the California court had original jurisdiction for the initial child custody determination. *See* Cal. Fam.Code §§ 3402, 3421 (West 2008).

### C. Exclusive, Continuing Jurisdiction.

■ ¶ 11 Once a court with original jurisdiction issues an initial child custody order, the UCCJEA gives that court exclusive, continuing jurisdiction over all future custody determinations, subject to statutory exceptions. A.R.S. § 25–1032(A); Cal. Fam.Code § 3422(a) (West). Unless a statutory exception applies, courts in other states are prohibited from modifying an initial child custody order entered by a court with exclusive, continuing jurisdiction. A.R.S. § 25–1033 (noting, as applicable here, that unless a statutory exception applies, "a court of this state shall not modify a child custody determination made by a court of another state"); Cal. Fam.Code § 3423 (West) (similar, but substituting "may" for "shall"); *Melgar*, 215 Ariz. at 605, 161 P.3d at 1269 (finding UCCJEA "requires that the family court must confer with the judge who issued the out-of-state custody order and/or get the out-of-state court to release its continuing jurisdic-

tion over its custody order before modifying an out-of-state order").

### D. Application Of The UCCJEA To Severance Proceedings.

¶ 12 The Arizona superior court has "exclusive original jurisdiction over petitions to terminate the parent-child relationship when the child involved is present in the state." A.R.S. § 8–532. Under the UCCJEA, however, the Arizona superior court "shall recognize and enforce a child custody determination of a court of another state if the latter court exercised jurisdiction in substantial conformity with this chapter." A.R.S. § 25–1053(A). The UCCJEA applies to any "child custody proceeding," which includes proceedings addressing "termination of parental rights." A.R.S. § 25–1002(4)(a); Cal. Fam. Code § 3402(d) (West).[2]

▇ ¶ 13 The broad exclusive jurisdictional grant in A.R.S. Title 8 over severance actions based on the child's presence in Arizona could be read to conflict with the requirement in A.R.S. Title 25 ("Marital and Domestic Relations") of deference to a court from another state with exclusive, continuing jurisdiction. *Compare* A.R.S. § 8–532 *with* A.R.S. §§ 25–1032, –1053(A). But "[I]f statutes relate to the same subject and are thus *in pari materia,* they should be construed together ... as though they constituted one law." *Pima County v. Maya Constr. Co.,* 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988).

▇ ¶ 14 Read together, these statutes indicate that the exclusive jurisdictional grant to address severance petitions based on the presence of a child in Arizona must yield to the requirement to recognize an initial child custody determination by a court in another state with original jurisdiction under the UCCJEA. Such a construction avoids what

would be a significant constitutional Full Faith and Credit Clause issue. *See, e.g., Goodman v. Samaritan Health Sys.,* 195 Ariz. 502, 505, ¶ 11, 990 P.2d 1061, 1064 (App.1999) ("It is sound judicial policy to avoid deciding a case on constitutional grounds if there are nonconstitutional grounds dispositive of the case."). Moreover, such a construction is consistent with decisions in other states finding the UCCJEA applicable to severance proceedings. *See, e.g., Anthony H. v. Matthew G.,* 397 S.C. 447, 725 S.E.2d 132 (S.C.Ct.App.2012) (holding South Carolina lacked jurisdiction under UCCJEA to terminate father's parental rights because Georgia retained exclusive, continuing jurisdiction); *see also People ex rel. D.P.,* 181 P.3d 403, 406–07 (Colo.App.2008) (applying the UCCJEA to severance proceedings); *In re K.U.-S.G.,* 208 N.C.App. 128, 702 S.E.2d 103 (2010) (same); *In re J.C.B.,* 209 S.W.3d 821, 822–23 (Tex.App.2006) (same); *State ex rel. P.F.B.,* 191 P.3d 49, 51–53 (Utah Ct.App.2008) (same). For these reasons, this court concludes that the UCCJEA applies to private severance proceedings under Arizona law.

### E. Exceptions To Exclusive, Continuing Jurisdiction Under The UCCJEA.

¶ 15 The UCCJEA has limited exceptions allowing a court in one state to modify the initial child custody determination issued by a court in the child's home state. As applicable here, an Arizona court:

shall not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under § 25–1031 ... *and* either of the following is true:

1. The court of the other state determines that it no longer has exclusive,

---

2. In its entirety, A.R.S. § 25–1002(4) reads as follows:

"Child custody proceeding":
(a) Means a proceeding, including a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights and protection from domes-

tic violence, in which legal custody, physical custody or visitation with respect to a child is an issue or in which that issue may appear.
(b) Does not include a proceeding involving juvenile delinquency, contractual emancipation or enforcement under article 3 of this chapter [A.R.S. §§ 25–1051—1067].

continuing jurisdiction under § 25–1032 *or* that a court of this state would be a more convenient forum under § 25–1037[; *or*]

2. A court of this state or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

A.R.S. § 25–1033 (emphasis added);[3] *see also* Cal. Fam.Code § 3423 (West).

¶ 16 As applied, the Arizona superior court has jurisdiction to make an initial determination under A.R.S. § 25–1031(A)(1), because it is undisputed that N.B. lived in Arizona for at least six months before Mother filed her severance petition, meaning Arizona was N.B.'s home state at that time. *See* A.R.S. § 25–1002(7)(a). To establish jurisdiction in Arizona to issue a termination order, however, the requirements of either A.R.S. § 25–1033(1) or 25–1033(2) also must be met.

¶ 17 Father continues to live in California, meaning A.R.S. § 25–1033(2) does not apply. Turning to A.R.S. § 25–1033(1), Arizona would have jurisdiction to grant severance in this case only if the California court determined that it no longer had exclusive, continuing jurisdiction, A.R.S. § 25–1032, or that California was an inconvenient forum and Arizona would be a more convenient forum, A.R.S. § 25–1037. *See also* A.R.S. § 25–1031 (granting Arizona initial jurisdiction only if a court of another state does not have initial jurisdiction and other conditions are met); *Melgar*, 215 Ariz. at 609, ¶ 18, 161 P.3d at 1273. The record on appeal does not reflect such a determination by the California court. Because any such determination must be a part of the record, *see Melgar*, 215 Ariz. at 608, ¶ 15, 161 P.3d at 1272; *Welch–Doden*, 202 Ariz. at 203, ¶¶ 6–7, 42 P.3d at 1168,

remand is necessary so the superior court may address this jurisdictional issue.

### III. Proceedings On Remand.

¶ 18 Given the importance of finality in severance cases, *see Donald W. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 199, 202, 204–05, ¶¶ 8, 15–17, 159 P.3d 65, 68, 70–71 (App.2007), this court outlines two possible options on remand regarding jurisdiction.

¶ 19 *First,* the California court may have been consulted regarding jurisdiction prior to the issuance of the severance order and may have issued an order either relinquishing or retaining jurisdiction. It may be that the California court issued an order relinquishing its jurisdiction prior to the issuance of the severance order (which would allow Arizona to exercise jurisdiction) but that no copy of that California order was filed in this case. Such an order would need to reflect a determination by the California court that it no longer had exclusive, continuing jurisdiction or that California was an inconvenient forum and that Arizona would be a more convenient forum. If such a California order exists, the record can be supplemented to include an appropriate copy of that order and Father may again appeal the merits of the severance order to this court. If, on the other hand, the California court was contacted and determined that it wished to retain jurisdiction, the record can be supplemented to include an appropriate copy of that order. In that case, Arizona would lack jurisdiction over the severance proceedings and the severance order would be void.

¶ 20 *Second,* it may be that the California court has not yet been asked whether it wished to retain exclusive, continuing jurisdiction or whether California has become an inconvenient forum and Arizona would be a more convenient forum. In that case, either party would be free to seek a determination

---

**3.** "Temporary emergency jurisdiction" is an important exception to the primacy concept of the UCCJEA and allows a court in a state where the "child is present" to take temporary emergency jurisdiction over a child who "has been abandoned or [when] it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse." A.R.S. § 25–1034. This exception has no application in this case.

 

from the California court addressing the issue, including asking the Arizona superior court to confer with the California court. *See* A.R.S. § 25–1010 (setting forth procedure for communication between courts); Cal. Fam.Code §§ 3410, 3412, 3427 (West).[4]

¶ 21 Because it is unclear from the record what alternative may be applicable, this matter is remanded to the superior court for further proceedings consistent with this opinion to determine whether Arizona, rather than California, is the appropriate jurisdiction in which to address severance.

**4.** In outlining these two alternatives, the court does not preclude other alternatives that the parties or the superior court may identify on remand. In addition, given this jurisdictional issue, this court does not address the merits of the order terminating Father's parental rights to N.B.