NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

JESSE B., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, C.B., *Appellees*.

No. 1 CA-JV 16-0188
FILED 11-15-2016

———————————————

Appeal from the Superior Court in Yavapai County
No. P1300JD201500028
The Honorable Anna C. Young, Judge

**REMANDED**

———————————————

COUNSEL

Law Office of Florence M. Bruemmer, P.C., Anthem
By Florence M. Bruemmer, Tanya R. Imming
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Margaret H. Downie joined.

---

**T H U M M A**, Judge:

¶1        Jesse B. (Father) appeals from an order terminating his parental rights to C.B. For the reasons set forth below, this matter is remanded so the superior court can determine whether Arizona, rather than Michigan, is the appropriate jurisdiction in which to address severance.

## FACTS AND PROCEDURAL HISTORY

¶2        C.B. was born in Michigan in February 2011 while Father and Josephine B. (Mother) were married and living there. From the record, it appears that Father, Mother and C.B. lived in Michigan continuously until at least June 2013.

¶3        Mother and Father apparently divorced in Michigan in August 2012. As alleged in the dependency petition, in February 2013, Father was granted custody of C.B. by the Michigan court. More specifically, the Michigan court issued an order awarding Father and Mother joint legal and physical custody of C.B., adding C.B.'s "domicile . . . shall not be changed from the State of Michigan without prior approval from the Court."

¶4        In June 2013, Mother expressed an intent to move to Arizona. The Michigan court then modified parenting time, with Mother being responsible for providing transportation for C.B. to and from parenting time with Father, who remained in Michigan. At some point, Mother then moved with C.B. to Arizona. Father later obtained enforcement orders from the Michigan court based on Mother's failure to comply with that court's parenting time orders. The record suggests Mother failed to comply with those enforcement orders. And the record does not indicate that the Michigan court proceeding has been dismissed or the custody orders vacated.

**¶5** In April 2015, DCS filed a dependency petition noting the Michigan court's February 2013 order granting Father custody of C.B. C.B., who has been placed with her maternal grandmother during nearly all of these proceedings, was found dependent as to both parents; DCS later filed a motion to terminate; Father's parental rights were terminated after a trial where the Michigan court's custody orders were referenced and this timely appeal by Father followed.[1]

## DISCUSSION

**¶6** The parties did not raise with the superior court the potential jurisdictional impact of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), codified in Arizona at Arizona Revised Statutes (A.R.S.) sections 25-1001 to –1067 (2016).[2] Because this court has an independent obligation to evaluate subject matter jurisdiction, supplemental briefing addressing the application of the UCCJEA was ordered. *See generally Angel B. v. Vanessa J.*, 234 Ariz. 69 (App. 2014).

**¶7** Under the UCCJEA, as adopted in Arizona and Michigan, original jurisdiction for the initial child custody determination is the child's home state. A.R.S. § 25-1031 (A)(1); Mich. Comp. Laws Ann. § 722.1201 (1)(a) (West). An initial determination is "the first child custody determination concerning a particular child." A.R.S. § 25-1002(8); Mich. Comp. Laws Ann. § 722.1102 (h) (West). "Home state" is the state in which the child lived with a parent for at least six consecutive months before the filing of a custody petition, or since birth. A.R.S. § 25-1002(7); Mich. Comp. Laws Ann. § 722.1102 (g) (West).

**¶8** From the record presented, Father and Mother both lived in Michigan for at least six consecutive months before the Michigan court's custody order issued in February 2013, and C.B. had lived in Michigan with both parents since her birth in February 2011. Accordingly, from the record, it appears Michigan was C.B.'s home state as of February 2013, meaning the Michigan court had original jurisdiction over the initial

---

[1] Although not dispositive of this appeal, the record includes a DCS Interstate Compact Placement Request, that appears to have been approved in August 2015, seeking placement of C.B. with Father in Michigan.

[2] Absent material revisions after the relevant dates, statutes cited to refer to the current version unless otherwise indicated.

custody determination. *See* Mich. Comp. Laws Ann. § 722.1102, 1201 (West).

**¶9** Under the UCCJEA, a court with original jurisdiction that issues an initial child custody order will maintain continuing jurisdiction over all future custody determinations, subject to statutory exceptions. A.R.S. § 25- 1031(A)(1); Mich. Comp. Laws Ann. § 722.1202 (West). Unless a statutory exception applies, a court in another state is prohibited from modifying an initial child custody order entered by a court with exclusive, continuing jurisdiction. A.R.S. § 25-1033; Mich. Comp. Laws Ann. § 722.1203 (West).

**¶10** Under A.R.S. § 8-532, "the Arizona superior court has 'exclusive original jurisdiction over petitions to terminate the parent-child relationship'" when the child is present in Arizona. *Angel B.*, 234 Ariz. at 73 ¶ 12. However, under the UCCJEA, "the Arizona superior court shall recognize and enforce a child custody determination of a court of another state if the latter court exercised jurisdiction in substantial conformity with this chapter. A.R.S. § 25-1053(A)." *Id.* (internal quotations and citations omitted).

**¶11** It appears that the Arizona superior court had jurisdiction to make an initial determination under A.R.S. § 25-1031(A)(1), because C.B. lived in Arizona for at least six months before DCS filed the dependency petition. Therefore, Arizona was C.B.'s home state at that time. *See* A.R.S. § 25-1002(7)(a). In order "[t]o establish jurisdiction in Arizona to issue a termination order, however, the requirements of either A.R.S. § 25-1033(1) or § 25-1033(2) also must be met." *Angel B.*, 234 Ariz. at 74 ¶ 16.

**¶12** Father continues to live in Michigan, meaning A.R.S. § 25-1033(2) does not apply. Turning to A.R.S. § 25-1033(1), Arizona would have jurisdiction to grant severance in this case only if the Michigan court determined that it no longer had exclusive, continuing jurisdiction, A.R.S. § 25-1032, or that Michigan was an inconvenient forum and Arizona would be a more convenient forum, A.R.S. § 25-1037. *See Angel B.*, 234 Ariz. at 74 ¶ 17 (citing authority). The record on appeal does not reflect such a determination by the Michigan court, and "any such determination must be a part of the record." *Id.*

**¶13** The supplemental briefs by DCS and Father concede that the UCCJEA may apply but differ in their view of the appropriate remedy, with DCS requesting a stay of the appeal or remand and Father requesting the termination order be vacated. As in *Angel B.*, "remand is necessary so

the superior court may address this jurisdictional issue." 234 Ariz. at 74 ¶ 17. The possible options outlined in *Angel B.* should guide the superior court and the parties on remand. *Id.* at 74-75 ¶¶ 18-21.

## CONCLUSION

**¶14** This matter is remanded to the superior court for further proceedings consistent with this decision to determine whether Arizona, rather than Michigan, is the appropriate jurisdiction in which to address severance.



AMY M. WOOD • Clerk of the Court
FILED: AA