IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MONIQUE B. and DONALD B., a married couple,
*Petitioners,*

*v.*

THE HONORABLE SALLY S. DUNCAN, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA,
*Respondent Judge,*

THE ARIZONA DEPARTMENT OF CHILD SAFETY; CATHY L.; S.B.,
minor child in Maricopa county juvenile action JD 33658,
*Real Parties in Interest.*

No. 1 CA-SA 18-0121
FILED 9-18-2018

---

Petition for Special Action from the Superior Court in Maricopa County
No.  JD33658
The Honorable Sally Schneider Duncan, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

---

COUNSEL

Edward D. Johnson, Peoria
*Counsel for Petitioners*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Real Party in Interest Department of Child Safety*

Robert D. Rosanelli, Phoenix
*Counsel for Real Party in Interest, Minor Child S.B.*

Maricopa County Office of Legal Defender, Phoenix
By Margaret Williams
*Counsel for Real Party in Interest, Mother Cathy L.*

---

## OPINION

Chief Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Randall M. Howe and Judge Kenton D. Jones joined.

---

**T H U M M A**, Chief Judge:

¶1        In 2017, the Arizona Superior Court in Maricopa County entered dependency, termination of parental rights and adoption orders for S.B., a young child. In 2018, the Arizona Superior Court learned that, in 2016, an Alabama state court had issued a valid child custody order for S.B. that remained in place. After learning Alabama retained exclusive, continuing jurisdiction over S.B., the Arizona Superior Court vacated the dependency, termination and adoption orders for lack of jurisdiction. Petitioners, S.B.'s paternal grandparents Monique and Donald B., seek special action relief from the ruling vacating those orders. For the following reasons, this court accepts jurisdiction but denies relief.

### FACTS AND PROCEDURAL HISTORY

¶2        S.B. was born in Alabama in March 2013 to Cathy L. (Mother) and Jacob B. (Father). In 2014, Mother filed a custody petition in Alabama state court. Also in 2014, Father and S.B. moved to Arizona to live with Petitioners. In August 2016, the Alabama court awarded Father sole custody of S.B.

¶3        In January 2017, Father died in a traffic accident. That same month, the Department of Child Safety (DCS) filed a dependency petition in Arizona Superior Court, alleging abandonment by Mother. S.B. was placed with Petitioners, where she has remained ever since.

¶4        Attempts to locate Mother were unsuccessful. DCS reported that "in March 2017, she relocated to . . . Tennessee" but could not be found. Also in March 2017, S.B.'s Guardian Ad Litem filed a petition to terminate Mother's parental rights alleging abandonment. After service by publication, S.B. was found dependent as to Mother in April 2017 and Mother's parental rights to S.B. were terminated in June 2017. Petitioners then filed a petition to adopt S.B. In November 2017, the Arizona Superior Court granted the adoption petition and dismissed the dependency.

¶5        Meanwhile, in November 2017, Mother filed a petition with the Alabama court seeking to modify that court's August 2016 custody order, noting she "recently learned that the Father is deceased." In December 2017, the Alabama court awarded Mother sole custody of S.B. At about this same time, Mother also contacted the Arizona Superior Court.

¶6        In January 2018, the Arizona Superior Court made a factual finding that Mother "is a resident of Tennessee," but was not asked to address and did not address the Alabama court's exclusive, continuing jurisdiction based on the August 2016 custody order. Later in January 2018, Mother asked the Arizona Superior Court to set aside the order granting the adoption and the order terminating her parental rights, asserting that the Alabama court "retained jurisdiction over this matter." Numerous filings and hearings followed.

¶7        Mother asked the Arizona Superior Court to confer with the Alabama court regarding jurisdiction. *See* Ariz. Rev. Stat. (A.R.S.) §§ 25-1010, -1036(B) (2018); *accord* Ala. Code §§ 30-3B-110, -206(B) (2018).[1] During the resulting conference in early May 2018, the Alabama court expressly retained its exclusive, continuing jurisdiction based on the August 2016 custody order. *See* A.R.S. § 25-1032; *accord* Ala. Code § 30-3B-202. As a result, and concluding it lacked jurisdiction to enter the adoption, termination and dependency orders issued in 2017 (the 2017 Orders), the Arizona Superior Court vacated the 2017 Orders and directed that S.B. be returned to Mother. Petitioners then promptly filed this special action in mid-May 2018.

¶8        This court granted Petitioners' motion for stay pending resolution of this special action. In late May 2018, after further consideration, the Alabama court relinquished exclusive, continuing

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

jurisdiction, having determined that Alabama is an inconvenient forum and that Arizona is a more appropriate forum. *See* Ala. Code § 30-3B-207; *accord* A.R.S. § 25-1037. This court allowed supplemental briefing regarding that Alabama order and then held oral argument.

## DISCUSSION

### I.  Special Action Jurisdiction.

¶9         Special action jurisdiction is appropriate where petitioner has no "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a); *Arpaio v. Figueroa*, 229 Ariz. 444, 446 ¶ 5 (App. 2012) (citation omitted). Special action jurisdiction also is appropriate when a statute requires "immediate interpretation;" when a petition "presents a purely legal issue of first impression that is of statewide importance" and when the issue "is likely to recur." *See Gutierrez v. Fox*, 242 Ariz. 259, 264 ¶ 13 (App. 2017); *Welch–Doden v. Roberts*, 202 Ariz. 201, 204 ¶ 10 (App. 2002). "Although 'highly discretionary,' accepting special action jurisdiction is particularly appropriate where the welfare of children is involved and the harm complained of can only be prevented by resolution before an appeal." *Dep't of Child Safety v. Beene*, 235 Ariz. 300, 303 ¶ 6 (App. 2014) (citations omitted).

¶10        The special action petition here raises an issue regarding the application of the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) not previously addressed by any published decision. Because the petition presents a legal issue of first impression in applying the UCCJEA, is likely to recur and involves the welfare of a child, in its discretion, this court accepts special action jurisdiction.

### II.  Application Of The UCCJEA.

¶11        "Promulgated by the Uniform Law Commission in 1997, the UCCJEA is a uniform act adopted in all 50 states and the District of Columbia. Key purposes of the UCCJEA include 'to create consistency in interstate child custody jurisdiction and enforcement proceedings.'" *Angel B. v. Vanessa J.*, 234 Ariz. 69, 71-72 ¶ 7 (App. 2014) (citations omitted); *see also* A.R.S. § 25-1001 to -1067 (UCCJEA in Arizona); Ala. Code §§ 30-3B-101 to -405 (UCCJEA in Alabama).

> Once a court with original jurisdiction issues an initial child custody order, the UCCJEA gives that court exclusive, continuing jurisdiction over all future custody determinations, subject

4

> to statutory exceptions. Unless a statutory exception applies, courts in other states are prohibited from modifying an initial child custody order entered by a court with exclusive, continuing jurisdiction.

*Angel B.*, 234 Ariz. at 72 ¶ 11 (citations omitted). Unless a statutory exception applies, this exclusive, continuing jurisdiction of the court issuing the initial child custody order precludes any subsequent "child custody proceeding" in another state, including "termination of parental rights" and related proceedings. *Id.*, at 73 ¶ 12 (citations omitted).[2]

**¶12** Under the UCCJEA, the Alabama court's August 2016 custody order means that court "ha[d] exclusive, continuing jurisdiction over the determination," A.R.S. § 25-1032(A); *accord* Ala. Code § 30-3B-202(a)(2), and that custody order "[wa]s binding on other states unless and until certain changes or specified events occur[red]," *Angel B.*, 234 Ariz. at 72 ¶ 8 (citations omitted). More specifically, the August 2016 custody order meant Alabama retained exclusive, continuing jurisdiction "unless" either: (1) the Alabama court "determine[d] that it no longer ha[d] exclusive, continuing jurisdiction . . . or that a court of this state would be a more convenient forum" or (2) the Alabama court or "[a] court of this state . . . determine[d] that the child, the child's parents and any person acting as a parent d[id] not presently reside in" Alabama. A.R.S. § 25-1033; *accord* Ala. Code § 30-3B-203.

**¶13** Petitioners argue the Arizona Superior Court had jurisdiction to issue the 2017 Orders based on (1) the Alabama court's late May 2018 order relinquishing exclusive, continuing jurisdiction to Arizona and (2) the Arizona Superior Court's January 2018 order finding that Mother lived in Tennessee (and because Father had died and S.B. and Petitioners had lived in Arizona for years). For the Arizona Superior Court to have jurisdiction to issue the 2017 Orders, the January or late May 2018 order would have to apply retroactively. Both factually and legally, however, those 2018 orders apply prospectively only.

**¶14** Factually, as DCS and Mother note, neither the Alabama court's late May 2018 order, nor the Arizona Superior Court's January 2018 order, state that they apply retroactively. Moreover, in context, those orders

---

[2] There is no claim that the 2017 Orders were based on, or could be justified under, the UCCJEA's temporary emergency jurisdiction authorization. *See* A.R.S. § 25-1034.

did not apply retroactively. The late May 2018 Alabama court order was issued just weeks after that same court declined to relinquish exclusive, continuing jurisdiction, negating any suggestion that the order was to apply retroactively. Similarly, at about this same time, the Arizona Superior Court concluded it lacked jurisdiction to issue the 2017 Orders, negating any suggestion that it viewed the January 2018 order as applying retroactively. Factually, on this record, the January and late May 2018 orders did not apply retroactively.

¶15        Legally, Petitioners have cited, and this court has found, no case holding that an order relinquishing or recognizing the loss of continuing, exclusive jurisdiction under the UCCJEA properly could apply retroactively. "[T]he best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 345 ¶ 8 (2014) (quoting *State v. Hansen*, 215 Ariz. 287, 289 ¶ 7 (2007)). If the plain language of a statute is clear and unambiguous, then it is given effect without resort to secondary statutory construction principles. *See, e.g., Martinez v. Industrial Comm'n*, 175 Ariz. 319, 321 (1993).

¶16        A key aspect of the UCCJEA is that one (and only one) state court has exclusive, continuing jurisdiction at any single point in time. *See Angel B.*, 234 Ariz. at 72 ¶ 8 ("Unless a statutory exception applies, courts in other states are prohibited from modifying an initial child custody order entered by a court with exclusive, continuing jurisdiction.") (citations omitted); *Melgar v. Campo*, 215 Ariz. 605, 607 ¶ 11 (App. 2007) ("With certain exceptions, the decision to discontinue exclusive, continuing jurisdiction belongs to the court exercising it, and no other."); *see also* A.R.S. § 25-1036 (generally prohibiting simultaneous child custody proceedings in courts of two different states); *accord* Ala. Code § 30-3B-206. Allowing the original state's custody order to be modified by another state's court issuing a custody order that also applied retroactively would seriously undercut the exclusivity, and resulting certainty, that the UCCJEA seeks to advance. *See Welch-Doden*, 202 Ariz. at 208 ¶ 32 (noting a primary purpose of the UCCJEA is to "avoid[] the jurisdictional competition and conflict that flows from hearings in competing states").

¶17        The text of the UCCJEA provides that the original state issuing "a child custody determination" retains "exclusive, continuing jurisdiction over the determination *until*" a subsequent event divests that original state court of jurisdiction. A.R.S. § 25-1032(A) (emphasis added); *accord* Ala. Code § 30-3B-202(A). As stated in a somewhat different context, the original state's custody order "is binding on other states *unless and until*

certain changes or specified events occur." *Angel B.*, 234 Ariz. at 72 ¶ 8 (emphasis added). Given this forward-looking approach, and the purposes of the UCCJEA, upon the determination that the original state no longer retains exclusive, continuing jurisdiction, the second state may issue prospective child custody orders, but lacks authority to do so retroactively.

**¶18**　　　That child custody orders under the UCCJEA are prospective only also is consistent with the focus of the act. Under the UCCJEA, "exclusive continuing jurisdiction" is invoked by the first state to issue a "child custody determination," defined as "legal custody, physical custody or visitation with respect to a child." A.R.S. § 25-1002(3); *accord* Ala. Code § 30-3B-102(3). "Child custody determination" expressly "[d]oes not include an order relating to child support or other monetary obligation of an individual." A.R.S. § 25-1002(3); *accord* Ala. Code § 30-3B-102(3). Custody and visitation orders are, by definition, prospective. Indeed, Petitioners have not shown how custody or visitation orders (as opposed to orders regarding monetary obligations) could apply retroactively. This further demonstrates that the UCCJEA does not contemplate retroactivity.

**¶19**　　　Finally, cases from other jurisdictions recognize this prospective nature of the UCCJEA. Even after the parties move away from the original state, a determination by the original state that it no longer is exercising exclusive, continuing jurisdiction applies prospectively and does so only after an express judicial determination. *See In re Marriage of Nurie*, 98 Cal. Rptr. 3d 200, 220 (2009) ("It is not the parties' departure itself that terminates the decree state's exclusive, continuing jurisdiction. Rather, it is when a 'court . . . determines' that all parties have ceased residing there that jurisdiction is lost.") (citation omitted); *New Mexico ex rel. Children, Youth, & Families Dep't v. Donna J.*, 129 P.3d 167, 171 (N.M. App. 2006) ("An automatic loss of jurisdiction, without any factual determination, would add uncertainty, diminish the oversight ability of the courts, and increase conflicts between states. These results are contrary to the purposes of the UCCJEA."); *In re Lewin*, 149 S.W.3d 727, 736 (Tex. App. 2004) ("A court's exclusive continuing jurisdiction does not vanish immediately once all the parties leave the state."). Although addressing a somewhat different issue, these cases further show the prospective nature of the UCCJEA.

¶20 Because the January and late May 2018 orders did not apply retroactively, the Alabama court retained exclusive, continuing jurisdiction over S.B. throughout 2017. *See* A.R.S. § 25-1032(A); *accord* Ala. Code § 30-3B-202(A). As a result, the Arizona Superior Court lacked jurisdiction to issue the 2017 Orders. Accordingly, the Arizona Superior Court properly vacated the dependency, termination and adoption orders it entered in 2017.[3]

## CONCLUSION

¶21 For these reasons, this court accepts special action jurisdiction but denies relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[3] Given this conclusion, this opinion does not address the other arguments advanced by the participants in this special action. At oral argument, DCS stated it would file a renewed dependency petition if this court concluded the Arizona Superior Court lacked jurisdiction to enter the 2017 Orders. Other than noting that the Arizona Superior Court now has jurisdiction to consider a renewed dependency petition, this court does not address the merits of such a petition.