NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JENNIFER G., *Appellant*,

*v.*

MICHAEL C., A.C., *Appellees*.

No. 1 CA-JV 20-0236
FILED 1-14-2021

---

Appeal from the Superior Court in Maricopa County
No. JS19983
The Honorable Melody Harmon, Judge *Pro Tempore*

**REMANDED**

---

COUNSEL

Denise L. Carroll Esq., Scottsdale
By Denise Lynn Carroll
*Counsel for Appellant*

Law Offices of Warren Luccitti, Glendale
By Warren Luccitti
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Cynthia J. Bailey joined.

---

**H O W E**, Judge:

¶1 Jennifer G. ("Mother") appeals from the juvenile court's order terminating her parental rights to her daughter, A.C. For the following reasons, we remand because whether we have subject matter jurisdiction is unclear.

**FACTS AND PROCEDURAL HISTORY**

¶2 We view the facts in the light most favorable to sustaining the juvenile court's order. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 2 ¶ 2 (2016). Michael C. ("Father") and Mother are the natural parents of A.C., born in 2005. Father and Mother were not married. Before A.C. turned three, neither Father, incarcerated at the time, nor Mother could take care of A.C. and in March of 2008, the maternal grandparents petitioned a California court for a guardianship and obtained legal custody of A.C. After Father was released from prison in 2008, he petitioned the California court to terminate the guardianship and petitioned for custody of A.C. The California court terminated the guardianship and ordered joint custody, designating Father as the custodial parent and granting visitation to Mother "at [F]ather's discretion with 48 hour notice."

¶3 Father and his wife subsequently moved to Arizona. In August 2016, Father petitioned the California court for sole custody of A.C., which the court granted in September 2016. However, the California court crossed out the portion of the order that transferred the case to Arizona. While Mother moved to Arizona for a time between 2016 and 2017, she moved back to California some time before January 31, 2019.

¶4 In March 2019, Father petitioned in the Arizona Superior Court to terminate Mother's parental rights. He alleged that Mother had abandoned A.C. and suffers prolonged substance abuse. Mother contested the termination. During the termination hearing, Father testified that A.C. was not subject to any child custody order in another jurisdiction.

**DISCUSSION**

¶5      This court has an independent obligation to evaluate subject matter jurisdiction. *Angel B. v. Vanessa J.*, 234 Ariz. 69, 71 ¶ 5 (App. 2014). The lack of subject matter jurisdiction cannot be waived. *Dowling v. Stapley*, 221 Ariz. 251, 264 ¶ 38 n. 13 (App. 2009).

¶6      The Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") applies to private termination proceedings. *Angel B.*, 234 Ariz. at 73 ¶ 14. Once a court with original jurisdiction issues an initial child custody order, that court has exclusive, continuing jurisdiction over all future custody determinations, subject to statutory exceptions. A.R.S. § 25–1032(A). Unless a statutory exception applies, courts are prohibited from modifying an initial child custody order entered by a court in another state with exclusive, continuing jurisdiction, A.R.S. § 25–1033, including a private termination order, *Angel B.*, 234 Ariz. at 73 ¶ 14.

¶7      As applicable here, an Arizona court "shall not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under § 25–1031" and either "the court of the other state determines that it no longer has exclusive, continuing jurisdiction under § 25–1032 or that a court of this state would be a more convenient forum under § 25–1037;" or "a court of this state or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state." A.R.S. § 25–1033.

¶8      Here, Arizona has jurisdiction to make an initial determination under A.R.S. § 25–1031(A)(1). Arizona was A.C.'s home state at the time that Father filed his termination petition because A.C. had lived in Arizona for at least six months. *See* A.R.S. § 25–1002(7)(a); *Angel B.*, 234 Ariz. at 74 ¶ 16. To establish jurisdiction in Arizona to issue a termination order, however, the requirements of either A.R.S. §§ 25–1033(1) or –1033(2) must also be met. *Id.*

¶9      Because Mother currently lives in California, A.R.S. § 25–1033(2) does not apply. And the record does not show whether California determined that it no longer had exclusive and continuing jurisdiction over A.C.'s custody matter or that Arizona would be a more convenient forum, so whether § 25–1033(1) applies is unclear. The only evidence on this issue is that when the California court signed the September 26, 2016 order awarding Father custody—an order that Father apparently drafted and proposed—it struck the part of the proposed order transferring the case to

Maricopa County Superior Court. Of course, this does not mean that the California court may not have subsequently made the findings required by § 25–1033(1), but the record in this case does not contain such an order.

¶10        Because any determination by the California court relinquishing its exclusive, continuing jurisdiction under A.R.S. § 25–1033 must be a part of the record, A.R.S. § 25–1010 (D); *Angel B.,* 234 Ariz. at 74 ¶ 17, remand is necessary so the superior court may address this jurisdictional issue. For guidance on remand, we reiterate what this court had previously stated in *Angel B.* The California court may have been consulted about jurisdiction before the issuance of the severance order and issued an order either relinquishing or retaining jurisdiction, but no copy of that California order was filed in this case. *Angel B.*, 234 Ariz. at 74 ¶ 19. If such a California order exists, the record can be supplemented to include a copy of the order and Mother may again appeal the merits of the severance order to this court. *Id.* If, on the other hand, the California court was contacted and determined that it wished to retain jurisdiction, the record can be supplemented to include an appropriate copy of that order. *Id.* In that case, Arizona would lack jurisdiction over the termination proceedings and the termination order would be void. *Id.*

¶11        It may be that the California court has not yet been asked whether it wished to retain exclusive, continuing jurisdiction or whether California has become an inconvenient forum and Arizona would be a more convenient forum. *Id.* In that case, either party would be free to seek a determination from the California court addressing the issue, including asking the Arizona superior court to confer with the California court. *Id.* If the California court declines to retain its exclusive, continuing jurisdiction, that order would not act retroactively, however, and the termination order now currently on appeal would be void for lack of subject matter jurisdiction. *Monique B. v. Duncan*, 245 Ariz. at 375 (App. 2018) (factually and legally jurisdictional orders under UCCJEA only apply prospectively).

## CONCLUSION

**¶12**        For the foregoing reasons, we remand to the juvenile court to clarify the record.



AMY M. WOOD • Clerk of the Court
FILED:    AA